GUS TAYLOR v. THE STATE.

No. 3904.    Decided May 27, 1908.

**1.—Theft—Charge of Court—Circumstantial Evidence.**

Where upon trial for theft the evidence was purely circumstantial the court should have charged on circumstantial evidence.

**2.—Same—Charge of Court—Possession.**

Where the indictment charged the possession of the alleged stolen property in one person, and the court in his charge submitted the name of another party, the corporation, for whom the first person held possession, the same was error.

**3.—Same—Identification.**

See opinion where the evidence of the identification of the alleged stolen property was not sufficient to warrant a conviction.

**4.—Same—Charge of Court—Accomplice.**

Where upon trial for theft the charge on accomplice testimony was sufficient there was no error; besides the exception to same was too general.

Appeal from the District Court of Jefferson.    Tried below before the Hon. W. H. Pope.

Appeal from a conviction of theft of property over the value of $50; penalty, two years imprisonment in the penitentiary.

The testimony for the State showed that a box of overcoats, some seventeen in number, which had been delivered to the White House Dry Goods Co. disappeared; that this delivery took place in the fall of 1906; that a certain coat, alleged to have been sold by the defendant and exhibited to the jury, was attempted to be identified by certain samples exhibited at the same time before the jury, from which samples the coats were ordered, and that they corresponded with the stock ordered; that said overcoats were ordered from a firm in Rochester, New York, and shipped over the Texas & New Orleans R. R. Co.; that they were enclosed in a box and had not been seen by the persons delivering them or receiving them; that the defendant and another had been seen at night in possession of a number of new overcoats, about the time of the alleged theft, and had given one of the State's witnesses one of the overcoats;

that a number of overcoats were afterwards sold by the defendant and his companion to various parties at various times, and that defendant was arrested about six months after the alleged theft.

The charge on accomplice testimony was as follows: "A conviction cannot be had upon the testimony of an accomplice unless the jury first believes the accomplice's evidence is true, and that it shows or tends to show defendant is guilty, and then you cannot convict unless the accomplice's testimony is corroborated by other evidence tending to connect the defendant with the offense charged, and the corroboration is not sufficient if it merely shows the commission of the offense. An accomplice, as the word is here used, means any one connected with the crime charged, either as principal offender, as an accomplice, as an accessory, or otherwise. It includes all persons who are connected with the crime by unlawful act or commission on their part, transpiring either before, at the time, or after the commission of the offense, and whether or not he was present and participated in the commission of the crime. Now, if you are satisfied from the evidence that the witness, N. D., was an accomplice or you have a reasonable doubt as to whether he was or not, as that term is defined in the foregoing instructions, then you are instructed that you cannot find the defendant guilty upon his testimony unless you first believe that the testimony of said N. D. is true, and that it shows or tends to show that the defendant is guilty as charged in the indictment; and still you cannot convict defendant unless you further believe that there is other evidence in this case, outside of the testimony of N. D. tending to connect the defendant with the commission of the offense charged in the indictment. If you do not believe that the witness, N. D., is an accomplice under the instructions just above given you on the law of accomplice, then you will consider its credibility as any other witness, crediting it or discrediting it as you may deem proper as the testimony of any other witness or witnesses in this case."

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, Judge.—Appellant was convicted of theft of property over the value of $50 and his punishment assessed at three years confinement in the penitentiary.

The evidence of the theft in this case is purely circumstantial. The court should have given the charge on circumstantial evidence.

The first count in the indictment charges the possession in H. W. Spear, who was holding said property for the Whitehouse Dry Goods Company, a corporation. This is the only count in the indictment submitted by the court to the jury. The court in its charge, among other things, tells the jury: "If from the evidence you are satisfied, beyond a reasonable doubt, that the defendants, Gus Taylor and Jim Bluford, in the County of Jefferson and State of Texas, on or about the 15th day of September, 1906, as alleged, fraudulently took from the posses-

sion of the White House Dry Goods Company the seventeen overcoats described, etc." There is no such allegation in the indictment. As stated, the indictment charged the possession in H. W. Spear, who was holding the property for the White House Dry Goods Company.

The evidence in the case shows that appellant was found in possession of several overcoats similar in make and character to those lost by the Whitehouse Dry Goods Company, but there is not sufficient identification, in this record, of the goods as belonging to the prosecutor to warrant a conviction. The effort to identify same is very unsatisfactory on any line.

Appellant further complains of the charge of the court as to accomplice, Nat Daniels, in that same does not fairly and properly charge the law and is on the weight of the testimony. We see no error in this charge of the court, and besides, this complaint is too general to be considered.

For the errors pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*