## J. D. LAWRENCE, ALIAS CHAMAN, v. THE STATE.

### No. 1728.      Decided May 1, 1912.

**Burglary—Insufficiency of the Evidence.**

Suspicions are not sufficient, the testimony must in some way connect the defendant with the theft of the alleged stolen property to authorize a conviction, and where the State failed to make out its case as to the taking of the property, the conviction for burglary could not be sustained.

Appeal from the Criminal District Court of Galveston. Tried below before the Hon. Clay S. Briggs.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. F. Kelly,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited Yantis v. State, 65 Texas Crim. Rep., 564, 144 S. W. Rep., 947.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary with intent to commit theft.

It is contended that the evidence for the State does not make out a case. The indictment alleges that the house was the property of and in the possession of Killeen, and was a chicken house on the premises where he resided. On the night of December 16, 1910, this house was entered and eleven chickens belonging to Miss Sharp were taken. Between eight and nine o'clock on that particular evening Miss Sharp heard a noise about the chicken house, stepped on the back porch and saw a man walking along with a heavy sack on his back stooped over as if the bag contained something of considerable weight. The party she described as being tall like the defendant. She did not recognize the defendant, however, as being the man whom she saw. The next day, about the noon hour, Bettie Brewer, a negro woman, with her daughter, Dollie, a child about eight or nine years of age, were engaged in peddling chickens from house to house in the city of Galveston. She was arrested and taken to the police station. In giving an account of her possession of these chickens she says that defendant was at her house about six o'clock on the evening of December 16, it being the afternoon before the burglary that night. At this time he made an arrangement with her to sell chickens. About nine o'clock that night she went into her yard and found eleven chickens in a sack, their heads being pulled off; they were dead, and evidently had not been dead very long as she testified they were still warm. She took them in the house, picked and otherwise prepared them for market. She did not see defendant deliver them at her house. She says, however, that she thought he did because he said he was going to leave some chickens for her. Her evidence is corroborated by her daughter.

About twelve or one o'clock the day after the burglary appellant was found by the police officers at Bettie Brewer's house, the presumption being that he was waiting to receive his part of the proceeds, it being understood between himself and Bettie Brewer, according to her evidence, that the money received for the chickens should be divided equally between them. This is the substance of the State's case.

Appellant introduced three or four witnesses by whom he proved an alibi, covering fully the time when the chickens were said to have been taken from the chicken house on Mr. Killeen's place. There was no attempt at identification of the chickens in any manner whatever unless it be found in the fact that Miss Sharp testified she lost eleven chickens, and Bettie Brewer says there were eleven chickens brought to her house. While she testified that the chickens were left by defendant, yet she testified she did not see defendant leave the chickens in her yard, and only knows the fact that he did so, because on the evening before she found them in her yard or at her place, at about six o'clock he said he was going to leave some chickens. He did not state the number. There was no testimony introduced showing the kind or color of the chickens, or that they were the same kind of chickens as

those stolen from Miss Sharp. Miss Sharp did not testify as to the color, or whether they were hens or roosters, young or old, or anything indicating any peculiar mark or kind of chickens. Bettie Brewer did not undertake to describe the chickens in any way. There are other statements in the evidence contradicting the State's witnesses, and their statements to other people in regard to these matters, yet this is the substance, we think, of the testimony, without repeating these contradictions.

Under this state of facts we are of opinion the State has not made out a case. Suspicions are not sufficient. The testimony must, in some way, connect the defendant with the theft of the chickens in order to authorize a conviction. The evidence could have been made much more certain and the record so shows.

As the record presents the matter to this court we do not believe the conviction ought to stand on the facts, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*