JIM KELLUM v. THE STATE.

No. 4848. Decided January 30, 1918.

**Misdemeanor Theft—Identity—Recent Possession—Presumption—Insufficiency of the Evidence.**

Where, upon trial of misdemeanor theft, there was no proof of the identity of the property alleged to have been stolen, and the State relied upon circumstances and recent possession, the presumption of guilt can not prevail against the presumption of innocence in view of the failure of the evidence to identify the alleged stolen property as coming from the possession of the party from whom it was alleged to have been taken. Following Cline v. State, 43 Texas, 494, and other cases.

Appeal from the County Court of Bell. Tried below before the Hon. M. B. Blair.

Appeal from a conviction of misdemeanor theft; penalty, a fine of ten dollars and one day confinement in the county jail.

The opinion states the case.

*John L. Ward, Evetts & Sanderford,* and *N. P. Woodward,* for appellant.—On question of insufficiency of the evidence: York v. State, 61 S. W. Rep., 128; Coleburn v. State, 61 Texas Crim. Rep., 26, 133

S. W. Rep., 882; Bonner v. State, 58 Texas Crim. Rep., 195, 125 S. W. Rep., 22; Lewis v. State, 73 Texas Crim. Rep., 44, 164 S. W. Rep., 5; Yarbrough v. State, 69 Texas Crim. Rep., 150, 151 S. W. Rep., 545; Rios v. State, 69 Texas Crim. Rep., 233, 153 S. W. Rep., 308; Davis v. State, 68 Texas Crim. Rep., 400, 152 S. W. Rep., 1094; Schenk v. State, 76 Texas Crim. Rep., 235, 174 S. W. Rep., 867.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a conviction for misdemeanor theft, the allegation being that appellant stole from the possession of Chas. Irvin seventy-five pounds of brass.

The evidence is circumstantial. It appears that Joe Sod, a junk dealer, was found in possession of some brass by the representative of the Santa Fe Railroad and was promised immunity from prosecution so far as the railroad representative could control it, if he would help convict appellant. Sod claimed to have an appointment with appellant at 8 o'clock in the evening to obtain some brass, and with the railroad representative kept the appointment, and the appellant transferred from his automobile to that of Sod's a sack containing seventy-five pounds of brass. To identify this brass, the State relied upon the testimony of Irvin, as follows: "I am storekeeper for the Santa Fe Railway Company, and held that position on the 21st day of August, 1916, and have charge of all the old or junk brass on the Santa Fe system from Temple to Cleburne, from Temple to Bellville, and from Temple west on the branch.

"About the 22nd day of August, 1916, I was shown some brass in Joe Sod's junk shop that was claimed by him to have been received by him from Jim Kellum. A great many pieces of this brass had the Santa Fe mark or brand on them, and showed to have belonged to the Santa Fe Railway Company, and I had every reason to believe that it was Santa Fe brass. It was in an oat sack. I do not know where this brass I saw in the junk shop came from. I could not say where it came from; it was Santa Fe brass is all I know. I saw something over 200 pounds in the shop; it was in two sacks; both sacks contained Santa Fe brass. I do not know which one came from Jim Kellum. I could not say what part of the Santa Fe system this brass came from, for it is hard for me to tell when any brass is lost; I could not swear that I ever had this brass in my possession or under my care, and do not know when it was stolen, if stolen.

"Jim Kellum had worked on the rip track for the Santa Fe in Temple for some two or three years previous to August 21, 1916, and his duties would necessarily require him to handle old or junk brass frequently, but I never did see him take any brass from the yards.

"There is a loss of about twenty per cent each year of the old brass,

for various reasons, that is never returned to the Santa Fe, the loss being from wear and tear, shrinkage, steelage and other causes."

The loss of brass is not shown except in so far as may be inferred from the testimony of Irvin quoted. So far as developed by the evidence, the transaction occurred at Temple, in Bell County.

Appellant insists that the evidence is insufficient to show that the brass found in appellant's possession had been in possession of, or under the control of, Chas. Irvin either in his personal capacity or as the storekeeper for the railroad, and complains of the refusal of a special charge. There is an absence of testimony showing that about the time of the alleged theft any brass was lost or missing from the possession of Irvin, or the railroad company, whose agent he was. When he examined the brass in the possession of Sod he found something over 200 pounds of brass. He says that he had charge of all the old or junk brass on the Santa Fe system within certain limits. He does not describe the brass that he found in the possession of Sod as old or junk brass, but simply says that both sacks contained Santa Fe brass. That he could not say that any of it had ever been in his possession or under his care. Proof of the identity of the property was necessary. Doss v. State, 28 Texas Crim. App., 506; Davis v. State, 156 S. W. Rep., 1196; Branch's Ann. P. C., sec. 2482, and cases. The State relies upon circumstances to show the guilt of appellant. No one saw him take any brass from the railroad, nor from Irvin. He delivered brass to Sod, and the State relies upon the idea that the brass was stolen, and that his recent possession of it connects him with the theft. In other words, that the inference or presumption of theft by him could be drawn from his recent possession of the stolen property, but to support the conviction the further presumption or inference must be drawn, viz: that the property was stolen, and stolen from Irvin, the special owner. This presumption, we think, can not prevail against the presumption of innocence in view of the failure of the evidence to identify the property as coming from the possession of Irvin, or to show that Irvin had lost it or similar property. Vernon's Penal Code, art. 1329, p. 847, note 36, and cases cited; Branch's Ann. P. C., sec. 2448, and cases listed; Cline v. State, 43 Texas, 494; Johnson v. State, 36 Texas Crim. Rep., 394.

For these reasons we believe that the judgment of the lower court should be reversed and the cause remanded, and it is so ordered.

*Reversed and remanded.*