RAY WAYLAND v. THE STATE.

No. 5553. Decided January 21, 1920.

1.—Burglary—Recent Possession—Rule Stated.

When a burglary is established, and the accused is found in possession of the property recently stolen from the premises, the inference may be drawn that he committed the offense, the breaking being shown by other evidence. Following: Bloch v. State, 81 Texas Crim. Rep., 1, and other cases.

**2.—Same—Identity—Stolen Property—Insufficiency of the Evidence.**

Where, upon trial of burglary, the evidence used by the State at the most showed that the defendant was in possession of property of a similiar description, but which was not identified as the alleged stolen property, and this testimony came from an accomplice, the corroboration was not sufficient and the conviction could not be sustained.

**3.—Same—Recent Possession—Identity of Property—Rule Stated.**

Where · the State relies for a conviction upon the circumstance that the accused is found in possession of property recently stolen from burglarized premises, it is essential that the identity of the property in his possession be established. Following: Johnson v. State, 36 Texas Crim. Rep., 394, and other cases.

Appeal from the District Court of Limestone. Tried below before the Hon. A. M. Blackmon, judge.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. M. Kennedy, Herbert Scharff* and *Williams & Williams*, for appellant.—On question of insufficiency of the evidence: Warren v. State, 106 S. W. Rep., 133; Maibaum v. State, 128 S. W. Rep., 378; Franklin v. State, 53 Texas Crim. Rep., 547, 110 S. W. Rep., 909; Bowen v. State, 60 Texas Crim. Rep., 595, 133 S. W. Rep., 256; Crowell v. State, 6 id., 318, and cases cited in the opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, JUDGE.—The conviction is for burglary. The garage of Frank Oliver, situated at Groesbeck, was burglarized on the night of the sixteenth day of April, 1919, and some twenty automobile casings stolen. Circumstances alone are relied upon to prove appellant's guilt. The central fact in the State's case is its claim that soon after the offense was committed appellant was in possession of the fruits of the crime. When a burglary is established, and the accused is found in possession of the property recently stolen from the premises, the inference may be drawn that he committed the offense; Payne v. State, 21 Texas Crim. App., 184; other cases listed Branch's Annotated Texas Penal Code; that is to say, the possession of the property recently stolen is a circumstance sufficient to support the verdict of guilty where the breaking is proved by other evidence. Bloch v. State, 81 Texas Crim. Rep., 1.

The sufficiency of the evidence in the instant case must be tested by the cogency of the facts proved to identify the property which was found in appellant's possession as that which was stolen from Oliver's garage. There are other facts tending to throw suspicion upon the appellant, but the question of identity stated we regard as controlling. The appellant was in Groesbeck at about six o'clock

in the evening preceding the burglary, and was in the burglarized premises while they were open, and during business hours. He was traveling in an automobile, and resided at Prairie Hill, which is some miles distant from Groesbeck. It is the State's theory that he went to his home and during the night returned in his automobile and committed the burglary. On this phase of the case the only specific fact that we find is that about midnight on the night of the offense persons were seen upon the streets of Groesbeck driving an automobile with but one light burning, it appearing from other testimony that one of the lights on appellant's car would not burn. There is no effort to otherwise identify the car nor to identify the persons who were in it, save that the witness describing the occurrence said that there were two occupants of the car.

There is evidence that subsequent to the burglary, and during the same week, the appellant went to the house of the witness Lowe at about 4 o'clock in the morning with two automobile casings wrapped in paper, and offered them for sale. Hub Wayland, the appellant's brother, according to this witness, had previously been informed by the witness that he needed some tires, and the appellant on the occasion mentioned said that his brother had sent them. The tires were of a size coinciding with some of those stolen from Oliver, but were not otherwise identified.

There was evidence of a witness, whom the court regarded as an accomplice in the event that appellant committed the offense, to the effect that the appellant sold the witness a casing of the same size and make as some of those stolen at a price amounting to about half its value, and that subsequently the casing disappeared in an unknown manner. This witness was corroborated by Calvary, another accomplice witness; and it was shown by Morris, a third accomplice witness according to the view of the trial court, that soon after the burglary the same person left in the truck of the witness 5 new casings, the size of which coincided with some of those stolen, but which were not otherwise described, save that they were wrapped in paper. This witness said that before the tires were found by him he had informed the appellant in response to his inquiry that he needed some tires, and that several days subsequent to finding the tires he had told the appellant that "if they were his casings to get them away; that they would get both into trouble;' and that subsequently the tires disappeared. Another witness was present at this conversation, and quotes the witness Morris as saying to the appellant: "You are going to get into it. You want to straighten out those tires. You had better straighten them out and leave the country." The witness was uncertain what reply if any appellant made, but said that to the best of his recollection appellant dropped his head and said "Well" or something to that effect.

At the time of appellant's arrest he was in Corpus Christi apparently visiting his uncle, a prominent citizen there, and the record indicates that his whereabouts were known, and that he was arrested immediately in response to a telegram sent at the time the complaint was filed.

Twelve of the stolen tires were recovered, 10 of them from the City Hall at Waco from the possession of city officials who testified that they found the casings some six miles from Waco in some weeds near a road, and two of the casings were found by a deputy sheriff in a pasture under the control of Hub Wayland, the brother of appellant.

On the subject of the identity of personal property we take from Burrill on Circumstantial Evidence, page 453, the following:

"Where all that can be proved concerning property found in the possession of a supposed thief, is that it is *of the same kind* as that which has been lost, this will not, in general, be deemed sufficient evidence of its having been feloniously obtained, and some proof of identity will be required. But where the fact is very recent, and the property consists of articles the identity of which is, from their nature, not capable of strict proof, the conclusion may be drawn that the property, being of the same kind, is, in fact, *the same.*"

In the instant case it affirmatively appears from the record that all of the casings except one which were recovered, but not from the appellant, were new casings held for the purpose of merchandise, and that they bore serial numbers placed thereon by the factory which manufactured them, and in addition bore private marks which were placed upon them by Oliver. These serial numbers and marks would identify the casings and distinguish them from others of a like nature and size. On the subject we take the following from Mr. Burrill's work *supra,* page 652:

"The most satisfactory means of identifying property of this description is by marks existing upon the goods themselves; such marks being known to the identifying witness, and enabling him to swear positively that the goods found and shown to him with such marks upon them, are the same with those claimed to have been stolen. The mere general appearance of goods, which are without marks of this character, ordinarily leads to no more definite conclusion, and no nearer approach to identification than that they are of the *same kind,* which, as already shown, is, without other circumstances, insufficient evidence for the purpose in view."

The casings which were in possession of the appellant, as disclosed by the evidence, were observed by the State witnesses. They were wrapped in their original wrappings, and if they belonged to Oliver they were susceptible of identification by reference to the serial number mentioned and to the private mark. Five of the casings, acording to the State's testimony, remained in the truck of one of the State's witnesses for several days. Touching all of

the casings which are shown to have been in the possession of the appellant, there appears to have been ample opportunity for inspection by the witnesses used by the State; and the failure of the State to disclose from these witnesses whether the private mark was upon the tires or not leaves the inference that on the tires which appellant had there was no identifying mark.

Where the State relies for a conviction upon the circumstance that the accused is found in the possession of property recently stolen from burglarized premises, it is essential that the identity of the property in his possession be established. Branch's Annotated Texas Penal Code, Sec. 2482. On several occasions this court has analyzed the evidence of identity and expressed the opinion that it was insufficient, when the facts were similar and quite as cogent as in the present instance. Johnson v. State, 36 Texas Crim. Rep., 394; Cline v. State, 43 Texas Rep., 494; Adams v. State, 102 S. W. Rep., 1129; Taylor v. State, 53 Texas Crim. Rep., 615; Lawrence v. State, 66 Texas Crim. Rep., 346, 146 S. W. Rep., 928; Kellum v. State, 82 Texas Crim. Rep., 635; Jobe v. State, 72 Texas Crim. Rep., 163, 161 S. W. Rep., 966.

In Adams v. State, 102 S. W. Rep., 1129, an accomplice testified to the burglary of the premises, and the taking therefrom of certain cigars known as "Blaine" cigars. There was evidence corroborating him to this extent, but to his testimony connecting the appellant with the offense, the corroboration consisted in the effort by appellant to induce a witness to sell some cigars for him, stating that he had some Blaine cigars which he wanted to sell. From the premises were also taken some Childs cigars. The evidence was held insufficient.

In Taylor's case, 53 Texas Crim. Rep., 615, the theft was of certain overcoats manufactured by a certain firm in Rochester, New York, and by them shipped to the owner named in the indictment. At night soon after their disappearance, the appellant and another were seen in possession of several new overcoats, some of which they gave away, and others were sold by them. The accomplice testified, and the court said:

"The evidence in the case shows that appellant was found in possession of several overcoats similar in make and character to those lost by the Whitehouse Dry Goods Company, but there is not sufficient identification, in this record, of the goods as belonging to the prosecutor to warrant a conviction. The effort to identify same is very unsatisfactory on any line."

A similar ruling was made with reference to the identity of a number of chickens which were found in the possession of the appellant soon after the burglary, he having them in a sack with their heads pulled off and warm at the time they were found in his possession. Lawrence v. State, 66 Texas Crim. Rep., 346, 146 S. W. 928.

In Johnson's case, 36 Texas Crim. Rep., 394, the possession by appellant of a number of bank bills corresponding in a manner and denomination with those stolen, in connection with contradictory statements from the accused as to his possession of them, was held insufficient, the court saying:

"The circumstances may even be considered suspicious as to appellant's possession of that much money, and that the bills were of the same denomination as those lost, but a defendant cannot be convicted although the circumstances attending his possession of that much money may be suspicious. The proof, in order to sustain a conviction in a case of circumstantial evidence, must establish his guilt to a moral certainty, and beyond a reasonable doubt, and must exclude every reasonable hypothesis consistent with his innocence."

The most of the evidence used by the State to show that appllant was in possession of any automobile tires similar to those lost comes from accomplice witnesses, whom the appellant insists were not corroborated. We will not pause to analyze the evidence with the view of deciding the question of the sufficiency of the corroboration, for the reason that, giving the testimony of these witnesses full credit, it but discloses the possession by the appellant of certain tires similar in make and size to some of those stolen, and not identified as the stolen property.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*