JOHN RUSSELL v. THE STATE.

No. 5620.   Decided February 4, 1920.

Rehearing granted March 10, 1920.

1.—Burglary—Charge of Court—Actual Breaking.

Where, upon trial of burglary, the evidence showed that actual force was applied to the building in securing entrance, there was no error in the court's charge that a burglarious entry must be by actual breaking.  Distinguishing:  Painter v. State, 26 Texas Crim. Rep., 454, and other cases.

2.—Same—Charge of Court—Limiting Testimony.

Where appellant complained of the court's charge because it failed to limit the testimony in regard to the property found at his house and previously taken, etc., but the record showed that defendant's requested charge on this phase of the case was submitted, there was no reversible error.

3.—Same—Charge of Court—Imputing Crime to Another.

Where, upon trial of burglary, the court's charge with reference to the question of imputing the crime to another was favorable to the defendant and given at his request, there was no error on that ground.

4.—Same—Insufficiency of the Evidence—Motion for Rehearing.

Where, upon motion for rehearing, after a careful revision of the facts in the record, this court concludes that the evidence is not sufficient to sustain a conviction, and the judgment is reversed and the cause remanded.

Appeal from the District Court of Travis.   Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Monroe & Patterson,* for appellant.—Cited:   Cisis v. State, 12 Texas Crim. App., 59;  Love v. State, 58 Texas Crim. Rep., 270, and companion cases.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of night burglary and allotted five years in the penitentiary.

The evidence shows that the door through which the burglar entered was forcibly opened by him.  It was securely shut or closed and in the early morning just before day some one entered by forcing open this door.  Mrs. Hopkins, owner of the house, called her son and notified him of the fact that some one was in the house, and who ever it was disappeared without taking anything so far as

was discoverable. Search was instituted and tracks were traced of a peculiar kind of the house of appellant. These tracks show that who ever entered the house wore a pair of socks used by soldiers. A description was given. Such pair of socks was found at appellant's residence. There was also a soldier stopping at appellant's residence who was a relative of appellant's wife. He was wearing the uniform of the army at the time. There was a pair of shoes left in the burglarized house. These were shown by circumstances to belong to the wife of appellant, or at least they had a tag from a shoe-repairer in one of them showing that they so belonged. Appellant's house was examined and a lot of stolen goods found, some of which had been taken from this same house on one or more previous occasions. Among others, there was a pair of pants belonging to Mrs. Hopkins' son and a fountain pen.

The court in the general definitions, among other things, stated that a burglarious entry must be by actual breaking. In applying the law he instructed the jury that if appellant entered the house by force, etc., they should convict him. We are of opinion there was no reversible error as contended by appellant in giving this general definition under this record, and in fact, in this case, the facts may be sufficient to show there was an actual breaking. The door was closed and forcibly opened. This was force applied to the building. There may be cases, and sometimes we find there are cases in which this charge should not be given, but it is not error where in fact actual force was applied to the building in securing entrance. Some of the cases in which it might not be proper to give this charge are instanced where the entry is at an unusual place as in Painter v. State, 26 Texas Crim. App., 454, or climbing through an open window as in Alexander v. State, 31 Texas Crim. Rep., 359. But that condition does not arise here, and the charge we think was not erroneous under the facts as shown.

Exception was also reserved to the charge because it failed to limit the testimony in regard to the property found at appellant's house and previously taken from Mrs. Hopkins' residence by burglarious entries, his contention being that the court should have limited it to one purpose only, to-wit: the intent in breaking the house. So far as this phase of the case is concerned, it is sufficient answer to state that appellant asked a special charge covering this supposed defect in the court's charge, which was given by the court. This charge requested by appellant limited the effect of this testimony to the intent of the party burglarizing the house. While this charge was rather narrow and restricted, because this properly would have been admissible for other purposes, still appellant does not complain of that, and the court gave a charge to cover what he supposed was a defect in the court's charge.

The circumstances indicate that the soldier who lived at appellant's house may have been the burglar, or connected with it. The court with reference to this charged the jury at the request of appellant, that if they believed Fred Yell, the soldier, committed the burglary, or there was a reasonable doubt of that fact, they would acquit defendant. This was a favorable charge to appellant, and given at his request. Yell and appellant may have been jointly interested in the burglary of the house and both present. If appellant and Yell together entered the house, or acted jointly in getting into the house for burglarious and fraudulent purposes, they would both be guilty; but the charge as given at his request was favorable to him.

. Appellant contends the evidence is not sufficient. We are of opinion, however, that he is in error. Quite a lot of stolen property from burglaries was found in his house. Their presence there is unaccounted for. This was sufficiently in his possession we think to call on him for an account why this property was in his house. There is no evidence to the effect that Yell claimed possession and ownership in the property to the exclusion of appellant. While the case is one of circumstantial evidence, yet we think there is enough evidence to show that appellant was connected with this burglary; at least the evidence is sufficient to constitute a *prima-facie* case to justify the verdict in the absence of any explanation on his part as to how the property came to his house and under his control. He introduced no evidence except that of his wife, who testified that her relative Yell was living with them at the time. Yell was arrested and subsequently discharged from custody. As the record is presented we are of opinion that the verdict of the jury was warranted.

The judgment, therefore, will be affirmed.

*Affirmed.*

ON REHEARING.

March 10, 1920.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term an opinion was rendered affirming this judgment. Two companion cases against the same party have recently been reversed. (218 S. W. Rep., 1050-51) and a motion for rehearing was ably presented asking that this judgment be set aside and a reversal granted.

In the light of this motion and what was said in the other two Russell cases, after careful revision of the record, we have concluded the evidence is not sufficient to have justified the verdict. A recapitulation of the evidence would not be of any practical service, but inasmuch as we have concluded the case ought to be reversed will say this: It is shown by the evidence that the residence of Mrs. Hopkins was entered for the purpose of theft but

no property was taken, the burglar being frightened, fled; that a pair of shoes was left in the house by the burglar, which was shown to belong at appellant's residence. There was nothing to indicate size of the shoes, or to whom they belonged. These matters ought to and could have been made much clearer and more satisfactory. The burglar was traced from Mrs. Hopkins' house to the residence of appellant. These tracks were made by some one in sock feet. The party who made the tracks is shown to have worn a sock used by soldiers. These socks were found at appellant's residence showing with a sufficient degree of accuracy that the party who wore them may have made the tracks. There was a soldier, a relative of appellant's wife, living at appellant's house at the time and had so resided for a while. He was wearing a uniform of the United States army at the time. It is not shown that appellant had any clothing that belonged to the United States army or had been the property of the United States government. On this particular night there was no property taken from Mrs. Hopkins' house, though there had been some taken on a previous burglary. This property was found at appellant's residence. There was also property found at appellant's residence taken from other burglarized houses within thirty days of this occurrence. They were not found in possession of appellant otherwise than being found in his house. The record fails to disclose that he exercised any special ownership or control over them, or had them exclusively in his possession. There were several rooms in the house. His possession is in fact, if they were in his possession, that they were in his house. Yell, the soldier, was an occupant of the house. Whether these goods were in his room or some other portion of the house is not shown. The question of possession of recently stolen property was not an issue in the case, because none was taken. The finding of the other property at his house was introduced as a fact, among other things, to show intent, and the court so charged the jury. It may also have been used as a circumstance, which was not charged the jury, to connect him or Yell with this particular burglary. The usual rule is that where unexplained possession of recently stolen property is relied upon, it must be exclusively in the party against whom such possession is sought to be used. That rule only obtains when the case is that no one else but the accused committed the offense. If he and another committed it together, possession by the other party of the goods can be used always, provided that the conspiracy or acting together is shown. Following the decisions in the companion cases against appellant, as well as under the facts of the case, we have concluded we were in error in affirming the judgment.

The motion for rehearing will be granted, the affirmance set aside and the judgment reversed and the cause remanded.

*Reversed and remanded.*