Joe Woods v. The State.

No. 5982.   Decided November 24, 1920.

1.—Burglary—Delinquent Child—Insufficiency of the Evidence.

Where, upon trial of burglary by a delinquent child, the evidence was insufficient to sustain the conviction, the same was reversible error.

2.—Same—Recent Possession—Rule Stated—Description of Property.

The unexplained possession of property recently stolen is recognized as a sufficient circumstance to justify the jury in finding that the accused was connected with the burglary where the breaking was otherwise proved; but, where the identity of the property possessed by the accused with that which was taken from the burglarized premises is not established, the conviction cannot be sustained; and, where such property is not so identified, but is simply of the same kind as that which has been taken, the conviction cannot be sustained. Following Weyland v. State, 86 Texas Crim. Rep., 562, and other cases.

3.—Same—Recent Possession—Explanation.

Where, the explanation made by the defendant at the time his possession was challenged was consistent with the State's evidence, and the same was exculpatory, the inference of guilt cannot be sustained. Following Russell v. State, 86 Texas Crim. Rep., 580.

Appeal from the County Court of Cook.  Tried below before the Honorable H. S. Holman.

Appeal from a conviction of burglary of a delinquent child; penalty, two years confinement in the State Training School for Boys.

The opinion states the case.

*E. W. Neagle,* for appellant.—Cited cases in opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

MORROW, Judge.—The appellant was prosecuted as a delinquent child, upon averments charging in substance that he had burglarized the building of one Mowrey.  To sustain the conviction reliance is had upon circumstantial evidence alone.  It was shown by Mowrey that his store was entered, and that he missed a box of cigars that had not been opened and several cans of Prince Albert tobacco; and "some cigars and some cans of Prince Albert tobacco" were produced at the trial and identified by Mowrey as of the same kind as those lost.  He also identified what is described as a red pepper or spice can, commonly used in grocery stores, as one that had been taken from his store.  The burglary took place between the evening of June 5 and the morning of June 7.

Tanner, a witness for the State, testified that about seven o'clock in the morning of June 7 he noticed a boy looking under a certain barn situated on an alley.  The witness looked under the barn, and found there what he described as a little red can, which he removed, but later replaced, and the officers were notified.  This witness declared that the boy he saw was not the appellant.  Bean, a deputy sheriff, being informed of Tanner's experience, watched the barn, and in the afternoon of June 7 observed the appellant in the act of removing from under the barn "a little red tin box containing some cigars and smoking tobacco;" that the appellant said that he had been directed by another boy to get the box, but he refused to disclose the name of the boy.  The appellant proved an *alibi* by members of his family.

We regard the proposition asserted by the appellant, that the evidence is not sufficient to support the conviction, as sound.  The sole circumstance tending to connect the appellant with the offense is the fact that he was caught in the act of taking from under the barn a box containing some cigars and smoking tobacco.  The unexplained possession of property recently stolen is recognized as a sufficient

circumstance to justify the jury in finding that the accused was con-
nected with the burglary where the breaking is otherwise proved. The
identity of the property possessed by the accused with that which
was taken from the burglarized premises must be established. In the
instant case there is, in our opinion, a failure to comply with this
demand. Someone entered the store, and took a box of cigars and
some cans of Prince Albert tobacco. · There is no evidence that a box
of cigars was found in the possession of the appellant. Some cigars
of the kind lost were produced at the trial, and identified, also some
cans of Prince Albert tobacco. ·Whether these were the same that
were obtained from the appellant is not directly shown. Assuming,
however, that they were, there is an absence of testimony sufficiently
cogent to show beyond a reasonable doubt that they were the same
that were lost. A red spice box, such as is commonly used in grocery
stores, was identified by Mowery, but whether it was the same that
appellant was attempting to extract from under the barn is not dis-
closed with any degree of certainty. As a general rule, "where all
that can be proved concerning property found in the possession of
the supposed thief is that it is of the same kind as that which has
been lost, this will not be deemed sufficient evidence of it having been
feloniously obtained.'' Burrill on Circumstantial Evidence, p. 453.
Illustrating the application of this rule, the case of Adams v. State,
102 S. W. Rep., 1129; Taylor v. State, 53 Texas Crim. Rep., 615;
Lawrence v. State, 66 Texas Crim. Rep., 346; Johnson v. State, 36
Texas Crim. Rep., 394, are pertinent. See also Wayland v. State,
86 Texas Crim. Rep., 562, 218 S. W. Rep., 1066.

Aside from the insufficient evidence of identity. the explanation
made by the accused at the time his possession was challenged was
consistent with the State's evidence to the effect that a boy, affirma-
tively shown by the State's own testimony not to have been the ap-
pellant and not to have been accompanied by another, had deposited
the property at the point from which the appellant at the time he
was discovered was undertaking to remove it. His explanation that
he had been directed by another to obtain the property was not only
consistent with the State's testimony, but was consistent with the
innocence of the appellant. It would have been cogent evidence bear·
ing upon his case if he had been charged with receiving stolen prop-
erty, but the State having introduced his explanation, it being ex-
culpatory, apparently reasonable, and not disproved, the inference
of guilt of burglary from the facts cannot be sustained. Perry v.
State, 41 Texas, 486; Branch's Crim. Law, sec. 795; Russell v. State,
86 Texas Crim. Rep., 580, 218 S. W. Rep., 1050.

From what has been said, it follows that a reversal of the judgment
must result. It is so ordered.

*Reversed and remanded.*