FRANK MARINA v. THE STATE.

No. 7396.    Decided December 20, 1922.

1.—Theft—Circumstantial Evidence—Possession—Insufficiency of the Evidence—Identification.

Where, upon trial of theft over the value of $50, the State's reliance for conviction was upon the circumstance that the defendant was found in possession of the property recently stolen, from burglarized premises, proof of the identity of the property was essential, and the evidence in the instant case is not sufficient to establish the identity of said stolen property. Following Johnson v. State, 36 Texas Crim. Rep., 394, and other cases.

2.—Same—Personal Exclusive Possession—Insufficiency of the Evidence.

Where upon trial of theft of property over the value of $50, the evidence was doubtful to show the personal exclusive possession of defendant, and conscious assertion of property in the alleged stolen goods, as the law demands, the conviction cannot be sustained.

Appeal from the District Court of Wichita. Tried below before the Honorable J. A. Akin, Special Judge.

Appeal from a conviction of felony theft; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

O. *Beauchamp,* and *Bonner, Bonner & Sanford,* for appellant.— Cited: Field v. State, 24 Texas Crim. App., 422; Martiner v. State, 16 id., 128.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, Presiding Judge.—Conviction is for theft; punishment fixed at confinement in the penitentiary for a period of two years.

The store belonging to the witness Huffines was burglarized at night. Upon entering it the following morning, he discovered the intrusion. As he expressed it, he knew that there was something missing, but was not able to tell just what it was, except that he said: "I had some hams and they were gone, and it looked like some cans of salmon were gone." On the next day, he missed a little truck which he used in the store for moving articles. This he found out on the street some distance from his place of business and about a block from the house at which the appellant was arrested. Several days later, the police located some groceries in a house in what was known as "No Man's Land," and after procuring a search warrant, the witness and the police visited the house. It was occupied by a man named Earl Patterson and his grandmother. The appellant was also there. There were groceries in the house, including sacks of flour, plugs of tobacco, Wichita meal, Spearmint chewing gum, cheese, coffee in packages, bacon, Swift's Premium hams, baking powder and canned salmon. Some of these articles appear to have been hidden. They were all of common brands, and the witness was unable to identify them further than to say that they were articles such as he carried in his stock.

From the police officer's testimony, when the arrest was made, Patterson was in the yard looking after a horse, his grandmother was in the house, and the appellant was about the premises. Appellant started to leave, but was requested by the officer to remain upon the premises.

The grandmother of Patterson testified that the house belonged to the appellant but was rented by herself and her grandson, Earl Patterson; that sometime before appellant had demanded possession of his house, and a short time before the arrest had occupied one of the rooms there when he was in town; that several days before the arrest, appellant brought some groceries to the house in a Ford automobile; that she used some of them with appellant's consent.

Earl Patterson had been convicted for the same offense.

Appellant testified to an alibi and introduced witnesses supporting it. He denied bringing any groceries to the premises or having any connection with the offense.

The evidence is purely circumstantial and its sufficiency is called in queston on this appeal. The leading criminating fact relied upon is the possession of the stolen property. Upon this question, the weakness of the evidence of the identity of the property confronts us. The mere fact that it is of the same kind, in the absence of other surrounding circumstances, is, generally speaking, not sufficient to establish identity. Burrill on Circumstantial Evidence, p. 652; see also p. 453. In the instant case, the property found on the premises that were

searched was of the same kind as that which the witness Huffines kept in his store, but he was not able to testify that he had lost any of the property found except some hams, and these he could not identify. The State's reliance for a conviction being upon the circumstance that the appellant was found in possession of the property recently stolen from the burglarized premises, proof of the identity of that property was essential. Branch's Ann. Tex. Penal Code, Sec. 2482. Our reports furnish examples of many analogous cases in which evidence similar to that revealed in the record before us has been held not of a sufficient cogency to establish the identity of the stolen property. Johnson v. State, 36 Texas Crim. Rep., 394; Cline v. State, 43 Texas Crim. Rep., 494; Adams v. State, 102 S. W. Rep., 1129; Taylor v. State, 53 Texas Crim. Rep., 615; Lawrence v. State, 66 Texas Crim. Rep., 346; Kellum v. State, 82 Texas Crim. Rep., 637; Jobe v. State, 72 Texas Crim. Rep., 163; Wayland v. State, 86 Texas Crim. Rep., 522; Woods v. State, 88 Texas Crim. Rep., 200. It is doubtful whether the evidence reveals the personal exclusive possession and conscious assertion of property in the stolen goods as the law demands. Fields v. State, 24 Texas Crim. Rep., 428; Russell v. State, 86 Texas Crim. Rep., 587, 218 S. W. Rep., 1051; Casas v. State, 12 Texas Crim. App., 69; Lehman v. State, 18 Texas Crim. App., 174.

When the officers approached the premises for the purpose of searching it and called for the man of the house, Mrs. Patterson called her grandson, Earl Patterson. Some of the property was in containers; a part of the flour, for example, was in a box; the hams were also in a box; the cheese was under a bed. Whether these articles were in the room which the appellant occupied or in other parts of the house is not revealed. She said that appellant occupied a bed and slept in a room when he was there over night, but that he worked in various places. She remembered the appellant bringing some groceries to the house four or five days before he was arrested. No effort was made by her to describe the groceries which the appellant brought except that she mentions a piece of cheese and one or two cans of salmon. Her failure to describe the groceries which appellant brought to the premises with those found, in connection with the fact that the evidence cogently shows that at the time the groceries in question were found under the search warrant, they were being used by Mrs. Patterson and her grandson. Being in their possession, appellant's possession of them is too uncertain to justify his conviction of the crime which is sought to be established alone by the possesion of property recently stolen.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*