## Ex Parte Fred Glisson (alias Fred Gleason).

### Nos. 7152 and 7324. Decided January 31, 1923.

1.—Extradition—Consolidation of Appeal.
    Where relator appealed from the judgment below denying his relief, and also brought original proceedings to this court, for bail, pending a decision of his appeal, the two cases will be consolidated, in extradition proceedings.

2.—Same—Identity of Relator—Insufficiency of the Evidence—Burden of
        Proof.
    The burden is upon the demanding State to prove the identity of the fugitive, and where the identity of the relator as the person named in the executive warrant is not deemed of sufficient cogency when tested by the rules of circumstantial evidence, the relator must be released. Following Johnson v. State, 36 Texas Crim. Rep., 394, and other cases.

Appeal from the Criminal District Court of Dallas, on habeas corpus proceedings in extradition proceedings, and also direct application for bail, which two cases are consolidated.

Tried below before the Honorable C. A. Pippen.

The opinion states the case.

*A. H. Mount,* for relator.—Cited cases in opinion.

*R. G. Storey,* Assistant Attorney General, for the State. Cited Ex Parte Holland, 53 Texas Crim. Rep., 301; Ex Parte Stockdale, 54 id., 100; Ex Parte Jowell v. State, 87 Texas Crim. Rep., 556.

MORROW, Presiding Judge.—Cause No. 7152 is an appeal from an order of the District Judge refusing to release relator upon his application for writ of habeas corpus; No. 7324 is an original pro-

ceeding established in this court making application for bail pending a decision of his appeal. The two cases are hereby consolidated.

The offense of embezzlement committed in the State of California by H. F. Harris forms the basis of the requisition proceedings.

The sole question for decision is the sufficiency of the evidence to identify the relator as the fugitive from justice described in the warrant.

The witness Minns, a resident of San Jose, California, the requisition agent, testified that he had a warrant for the arrest of H. F. Harris, charged with the embezzlement of an automobile from H. P. Smith; that it was an Oldsmobile car but the witness did not know the color of the car, but that he had the number of it; that he could not identify the relator as the person named in the warrant; that he believed him to be the man but had no such personal knowledge on the subject as would enable him to swear to his identity.

Miss Sidney Collins of the City of Dallas, Texas, a relative by marriage, of the relator, Fred Glisson, said that he had told her that he had gone by the name of Harris; that he had lived in California and had been an attendant in an insane asylum; that she had seen an apron worn by the wife of the relator upon the collar of which was the word "Harris;" that she had seen the relator in possession of a Westcott automobile and an Oldsmobile car; that the Oldsmobile car had attached to it a California license. She said that she had also seen a piece of cloth with the name of the California asylum on it; that she might have seen upon his clothing the initials "F H G" but could not say definitely. We understand that the law places the burden upon the demanding state to prove the identity of the fugitive. Cyc. of Ev., Vol. 5, p. 724; Corpus Juris, Vol. 25, p. 291; Barnes v. Nelson, Amer. & Eng. Ann. Cases, Vol. 20, p. 544; Ex parte Jowell, 87 Texas Crim. Rep., 556, 223 S. W. Rep., 456.

The evidence of identity in the instant case seems wholly circumstantial. In our opinion, it is not of sufficient cogency to discharge the burden which rested upon the demanding state. The relator was apparently arrested in the city of Dallas, Texas. How long he had been there is not revealed. The extradition officer did not claim to know him, but did claim to have the California number of the automobile which was claimed to have been embezzled by the appellant. This he did not introduce.

Another witness for the demanding State said that she had seen a California number upon one of the automobiles which the appellant was using, but so far as revealed by the record, she was not asked to state the number, and no effort was made to compare it or identify it with the number on the car which was the subject of the offense.

A bank cashier testified that a letter had been exhibited to him signed H. Harris, and was in a handwriting that was very similar to the signature of H. F. Glisson to application for the writ of habeas

corpus; that he believed the same man wrote them both. There is no further information touching the letter signed by H. Harris.

The evidence of the identity of the relator as the person named in the executive warrant is not deemed of sufficient cogency, when tested by the rules of circumstantial evidence, to warrant the judgment of the District Court in refusing to release the relator. See Johnson v. State, 36 Texas Crim. Rep., 394; Wayland v. State, 86 Texas Crim. Rep., 522; Woods v. State, 88 Texas Crim. Rep., 200; Jobe v. State, 72 Texas Crim. Rep., 163.

The judgment is reversed and the relator ordered discharged.

*Relator discharged.*