W. L. Roberts v. The State.

No. 10707.   Delivered January 26, 1927.

**Theft, a Felony—Evidence—Of Value—Insufficient.**

Where on a trial for theft of property of more than $50.00 in value, the property found in appellant's possession, and identified by the owner, being of less than $50.00 in value, the conviction must be set aside. See Art. 1421 P. C. 1925. Following Marina v. State, 93 Tex. Crim. Rep. 122; Garrett v. State, 218 S. W. 1064.

Appeal from the District Court of Wilbarger County. Tried below before the Hon. Robert Cole, Judge.

Appeal from a conviction for theft of property over $50 in value, penalty four years in the penitentiary.

The opinion states the case.

*L. P. Bonner* and *Story & Leake* of Vernon, for appellant. On the insufficiency of the description of the stolen property, appellant cites: Potter v. State, 39 Tex. Crim. Rep. 388; Matthews v. State, 48 S. W. 189; Patrick v. State, 98 S. W. 840; Luce v. State, 224 S. W. 1095, and Toder v. State, 269 S. W. 1043.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, Judge.—Conviction is for theft of property over the value of $50, punishment being four years in the penitentiary.

What was known as "Clarence Saunders Store No. 2" in Vernon, Texas, was under the care and control of its manager, E. L. Levy. On Tuesday night, October 26, 1925, some one entered the store and stole some merchandise. A few days later officers found in a house occupied by appellant and other parties a quantity of groceries. A list of them was made which consisted of sixty-seven items of merchandise of the aggregate value of $77.09. In the indictment this property was alleged to have been

stolen. It was described in a general way, in some instances grouping many items. No value was alleged on the different items or groups but only a total value of $70 was averred.

It is appellant's contention that under the evidence this conviction cannot stand. Mr. Levy testified that all he missed out of the store was a quantity of cigarettes, some bacon and some dried fruit. He did not even undertake to identify the cigarettes found by the officers as those taken from his store. He did identify the bacon and one or two packages of dried fruit which were so marked or wrapped that he could and did identify them. The value of the identified property including the cigarettes was much under $50. It was shown that there was carried in the Saunders store articles of merchandise similar in brand to those found by the officers, but Mr. Levy would not and did not testify that anything was taken out of his store on the night of the theft save some cigarettes, the bacon and some dried fruit. After enumerating these three items he says: "That is all the groceries I could swear I lost." In another place in his testimony he says: "All I missed was the apricots, meat and cigarettes. I could not swear anything other than those articles was stolen. I would not swear that any of this stuff here is mine." If the evidence had shown that other articles of merchandise had been stolen out of the store at the same time as certain articles which were identified, and that they were all found in the house occupied by appellant and others, and that the property which could not be particularly identified corresponded in character and quantity to that which had been taken, it would then be a question whether the identity of the goods had been established by circumstances; that is precisely the attitude the cigarettes which were missed occupy in the present record, but not so as to the other property found (save the bacon and dried fruit), because the evidence fails to show that such other property was stolen. Marina v. State, 93 Tex. Crim. Rep. 122, 246 S. W. 376, and Garrett v. State, Tex. Crim. Rep., 218 S. W. 1064, are much in point. If we include the cigarettes as being sufficiently identified, the total value of the property proved to have been stolen is not more than $30.

The judgment condemning appellant to be guilty of felony theft cannot be sustained under the proof, in the face of Article 1421, P. C. (1925), providing that a conviction for felony theft is dependent on the value of the property being of the value of fifty dollars or over. Whether a conviction for misdemeanor theft under the present indictment (alleging the value of the

property in "solido") could be sustained is not before us.   It would present a serious question which can always be avoided by alleging the value of the alleged stolen articles separately.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*