### RAYMOND EDMONDS V. THE STATE.

No. 16215.   Delivered February 14, 1934.
Reported in 68 S. W. (2d) 509.

The opinion states the case.

*J. T. Adams,* of Gainesville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The testimony adduced upon the trial is substantially as follows: On the 6th day of January, A. D. 1933, R. Pyle's garage was forceably entered at nighttime and four or five dozen pocket knives, an automobile battery, and some gasoline taken therefrom without the consent of the said owner. About seven or eight days later the appellant, Milton McAfee, and Melvin Pope were arrested and searched by the officers. The search disclosed one knife in the possession of the appellant, two in the possession of Melvin Pope, and also one knife each in the possession of Hubert McAfee and Herbert McDaniel. Milton McAfee, Melvin Pope, Herbert McDaniel, and Hubert McAfee testified upon the trial that each of them purchased the knife

found in his possession from the appellant; that the appellant told the boys he had 48 knives but declined to say where he got them. Mr. Pyle could not identify any of the knives found on the person of said boys as his knives. He said that said knives resembled the knives he lost and were an exact duplicate of the knives he lost. No battery or gasoline was found in the possession of the appellant. The appellant introduced two witnesses by whom he proved an alibi but he himself did not testify in his own behalf. At the conclusion of all the testimony, the appellant moved the court to peremptorily instruct the jury to return a verdict of not guilty, which motion was overruled by the court.

The appellant contends that the evidence is insufficient to establish the fact that the knives found in the possession of the boys who were searched by the officers were the identical knives taken from Mr. Pyle, the alleged owner, and therefore the testimony wholly fails to connect the appellant with the alleged burglary and theft of said knives. We have carefully examined the statement of facts and reach the conclusion that under the authorities of Johnson v. State, 36 Texas Crim. Rep., 394; Taylor v. State, 111 S. W., 151; Lawrence v. State, 146 S. W., 928; Wayland v. State, 218 S. W., 1065, and authorities there cited, that the appellant's contention must be sustained. That Mr. Pyle's garage was burglarized and some four or five dozen pocket knives and an automobile battery taken and that the knives found in the possession of the boys were of similar make and appearance as those taken from the burglarized garage; that Melvin Pope, McDaniel and McAfee obtained the knife found in possession of each from the appellant is proven; but this does not meet the requirements of the law as it does not exclude every reasonable hypothesis consistent with the innocence of the appellant. In the case of Wayland v. State, supra, Judge Morrow, in reviewing the authorities and the testimony in said case, said: "The most of the evidence used by the state to show that appellant was in possession of any automobile tires similar to those lost comes from accomplice witnesses, whom the appellant insists were not corroborated. We will not pause to analyze the evidence with the view of deciding the question of the sufficiency of the corroboration, for the reason that, giving the testimony of these witnesses full credit, it but discloses the possession by the appellant of certain tires similar in make and size to some of those stolen, and not identified as the stolen property." In this case the testimony discloses the possession by the appellant of certain pocket knives similar in make and appearance to some of those stolen and not identified as the stolen property. Again, in the case of Marina v. State,

93 Texas Crim. Rep., 122, Judge Morrow, in passing upon a similar question, said: "The evidence is purely circumstantial, and its sufficiency is called in question on this appeal. The leading criminating fact relied upon is the possession of the stolen property. Upon this question the weakness of the evidence of the identity of the property confronts us. The mere fact that it is of the same kind, in the absence of other surrounding circumstances, is, generally speaking, not sufficient to establish identity."

So in the case under consideration, the leading incriminative fact relied upon is the possession of some knives of similar make and appearance as those stolen. The mere fact that some knives found in the possession of appellant are similar to those stolen from R. Pyle's garage is, under the authorities herein referred to, not sufficient to sustain a conviction.

Having reached the conclusion that the evidence is insufficient to sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.