### WILL ROBERSON v. THE STATE.

#### No. 3429. Decided April 10, 1907.

**1.—Burglary—Charge of Court—Ownership.**

Where the indictment charged occupancy of the burglarized house by W., and also ownership of the stolen property in W., a charge which did not submit that the property taken must have been owned by W. and taken without his consent, was defective.

**2.—Same—Variance—Indictment—Charge of Court.**

Where upon trial for burglary, the indictment in the first count alleged the stolen goods in W., and in another count in L., and the evidence showed that L. had exclusive care, control and management of the goods stolen, and the court submitted the case on the first count, the conviction could not be sustained, and there was a variance between the allegation and the proof.

Appeal from the District Court of Collin. Tried below before the Hon. J. M. Pearson.

Appeal from a conviction of burglary; penalty, two years confinement in the penitentiary.

The opinion states the case.

*Smith & Wilcox,* for appellant.—On question of variance: Allen v. State, 18 Texas Crim. App., 120; Simms v. State, 2 Texas Crim. App., 114; Black v. State, 18 Texas Crim. App., 127; Jones v. State, 80 S. W. Rep., 531; Mays v. State, 97 S. W. Rep., 704; Johnson v. State, 88 S. W. Rep., 813.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—This conviction was for burglary, the punishment assessed being two years confinement in the penitentiary.

The indictment in two counts charges burglary with intent to commit theft. The first count charges occupancy of the house by J. L. Wyatt, and that the entry was made for the fraudulent purpose of stealing the property of said J. L. Wyatt. The second count charges occupancy of the house in August Lamm with intent on the part of appellant in entering the house to commit the theft of property belonging to said August Lamm. Without going into a detailed statement of the evidence, it is shown that the alleged burglarized house was a depot belonging to the Houston and Texas Central Railroad Company at Plano; that the house was under the control and in possession of J. L. Wyatt, depot agent of said railway company; that Wyatt had no connection with or control over the property taken from the house; that August Lamm was the operator of the telegraph lines from that point, and was agent of the express company, having exclusive care, control and management of the goods shown to have been taken from the depot by means of the entry. Outside of the fact that three cases of whisky were taken from the alleged burglarized house, there is no evidence as to the intent or purpose of the parties entering said house except the confession of appellant to the effect that two other parties entered the house for the purpose of getting whisky, or rather said they intended to break in the house and secure whisky; that later on they returned from the depot with three cases of whisky, and gave him some of it; that he was to remain at a certain designated point, which is fifty or sixty yards perhaps from the depot to keep watch and give alarm while the other parties entered the house.

There was a motion made by appellant to require the State to elect upon which count the conviction would be asked, which was overruled by the court; however, the court elected by only submitting the first count in the indictment. The count charging possession of the house and ownership of the goods in Lamm was, therefore, not submitted by the court in the charge. This eliminates the second count from consideration by the jury and it passed out of the case.

The court charged the jury, as follows: "Now bearing in mind the above and foregoing definitions if you believe from the evidence beyond a reasonable doubt, that Ed Brown and Tom Bradshaw, or either of them on or about the 15th day of June, 1906, * * * by force in the night-time, did enter the house then and there occupied and controlled by J. L. Wyatt without the consent of the said J. L. Wyatt as charged in the indictment, with the intent then and there to commit the crime of theft, and you further find and believe from the evidence beyond a reasonable doubt that the defendant, Will Roberson, was then and there present and knowing the unlawful intent of the said Ed Brown and Tom Bradshaw, or either of them, aided him or them by watching for him or them while engaged in the commission

of the offense, if any, then you will find him guilty of the crime of burglary," etc. Exception was reserved to this charge and counter charges requested. There are two propositions involved in the criticism of the charge given and those refused: First, the charge is defective in not submitting the entire count, or rather in submitting the occupancy of the house in Wyatt, and a general charge in regard to the intent to commit the crime of theft, and in not specifically charging the jury that in order to constitute burglary that it was necessary that the goods be taken in the possession of Wyatt, and that the entry was for the purpose of stealing goods then and there owned by Wyatt.

The second proposition is that there is a variance between the allegation of the indictment and the proof offered in support of said allegation. We are of opinion both propositions are well taken. The substance of the evidence has been sufficiently stated to show that the house was under the control of Wyatt; that Lamm occupied the same office and house as operator and express agent, and that the goods taken were under the exclusive control and management of Lamm, being goods sent by express. Therefore, in order to convict under the first count, the jury should have been instructed that it was necessary that the evidence should show the occupancy of the house in Wyatt, and the intent and purpose of appellant in entering the house was to steal the goods belonging to Wyatt. This was a prerequisite to the conviction under the first count. The second proposition, regarding a variance, we think is made evident by the statement above; that is, that the house was occupied and under the control of Wyatt, but that he had no control, management or possession of the goods stolen. As there is no evidence in the case to show any purpose, on the part of those entering the house, to do anything else than to steal the whisky, and it having been alleged in the indictment that the intent was to take the property of Wyatt, the case should have been submitted to the jury upon this theory. Before appellant could be convicted under the first count, the evidence must show that the entry was made for the purpose, or with the intent, of stealing the goods belonging to Wyatt. Such is the allegation in the indictment, and it is a proposition that needs no argument to sustain that the allegation and proof must correspond. It will be noted that the only evidence in the case of the purpose and intent with which the house was broken, was to steal or to secure whisky. The State rested its case upon this proof, and the further fact that whisky was taken. There is no evidence to indicate that the parties entering the house intended to take other property than the whisky. Had property been taken other than that shown, and such property belonged to Wyatt, proof of those facts would have met the allegation of the first count, but there is nothing to indicate anything was stolen in the house except the whisky, and it was in the exclusive control and management of Lamm, and over which Wyatt had no control. Appropriate instruc-

tions were requested and refused. We think these exceptions were well taken, and that there was a variance between the allegations and proof. For the errors discussed the judgment is reversed and the cause remanded.

*Reversed and remanded.*