HUBERT DODD v. THE STATE.

No. 4687.   Decided November 14, 1917.

**1.—Drunkenness at a Private House—Information—Election by State.**

Where the information contained three counts charging defendant with drunkenness and he had been tried previously on the first count, which was for being intoxicated in a private house, this was an election by the State, and he could not again be tried on the other two counts.

**2.—Same—Evidence—Declarations by the Defendant.**

Upon trial of defendant for being drunk at a private residence, declarations by the defendant to the officers after being arrested without being warned were inadmissible, nor could such declarations be introduced in evidence to show that defendant was drunk in a public road, as that charge had passed out, and be-sides he was under arrest.

**3.—Same—Argument of Counsel.**

Where, upon trial of being drunk in a private house, State's counsel denounced the defendant as a liar and a thief, it was error to refuse a special charge withdrawing said matter from the jury, especially the reference to being a thief.

**4.—Same—Conduct of State's Counsel—Manner of Examination.**

Where, upon trial of a misdemeanor, defendant had not placed his character in issue, the State's counsel should not have been permitted to ask defendant while on the witness stand whether he had not been previously indicted at different times, and why he left a certain county, etc.   Following Bullington v. State, 180 S. W. Rep., 679, and other cases.

Appeal from the County Court of Coleman.   Tried below before the Hon. W. Marcus Weatherred.

Appeal from a conviction of drunkenness at a private house; penalty a fine of one dollar.

The opinion states the case.

*Critz & Woodward,* for appellant.—Upon question of election by State:   Parks v. State, 46 Texas Crim. Rep., 100; Elliott v. State, 49 id., 435; Betts v. State, 60 Texas Crim. Rep., 631, 133 S. W. Rep., 251.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in opinion.

DAVIDSON, PRESIDING JUDGE.—Appellant was fined one dollar under a conviction for being drunk at a private house.

The evidence is sharply at issue on the question of appellant being drunk at the residence of Loflin, where, it is claimed by the State, he was in a state of intoxication. The information contains three counts: first, that appellant was intoxicated in the private house of Jim Loflin; second, that he was intoxicated in a public place, towit: in a public road; and, third, in a public place, towit: in the private residence of Jim Loflin, where people had then and there assembled for purposes of amusement. The entire information was read to the jury over objection of appellant. On a previous trial the first count alone was submitted. When the case was called at a succeeding trial all three of these counts were read. Appellant urged various objections. It is suggested that this being a misdemeanor, that the question of election as to counts in the information is not subject to the same rule as in felonies. We deem it unnecessary to discuss that phase of the law. The court had elected upon which count appellant should be tried at a previous trial, and had so instructed the jury. He having plead not guilty on former trial to all the counts, the court selecting one of them was an election. It is useless to discuss the question as to whether it was necessary or not. The court had matured this into a fact. The first and third counts, however, covered the same transaction. The State's contention was that appellant was drunk at Jim Loflin's place and that the evidence showed there was a social function in vogue, people had gathered and were enjoying themselves. While standing at the door of the room where the dancing was in progress, the State's evidence goes to show that he used unbecoming language, and that Loflin called the attention of one of the parties who was dancing on the floor to that fact and he engaged appellant in a fight in which appellant was badly beaten, especially about the mouth and face. He left for home, and his mother bathed his face with a cloth saturated with whisky, and he also took a drink after reaching home, which was his father's residence. About 9 or 9:30 the sheriff was called from the county seat and reached the place somewhere from 11 to 12 o'clock and found appellant at his father's residence and took him in custody. Going along the public road the sheriff, a deputy sheriff and the county attorney engaged appellant in a conversation, detailing his acts and conduct and other matters, to which appellant objected for various reasons. We believe this testimony was inadmissible. He was under arrest, no warning had been given him, and it was a conversation about acts occurring between the parties at Loflin's. It may be further stated this evidence could not be introduced to show that he was drunk in a public road. In the first place, that count had passed out of the information and could not be submitted to the jury, and in the second place he was under arrest and was carried on the public road, and this conversation occurred an hour and a half or two hours after the matters are said to have occurred at Loflin's house, and could have no bearing upon his conduct at Loflin's house, especially under the facts stated.

The county attorney made some remarks in his argument to which

serious objections were urged, among other things, he denounced defendant a liar and a thief. The court refused to take any action in the matter, and appellant asked a special charge, which was refused. We are of opinion this charge ought to have been given. The language used by the county attorney was not warranted, especially with reference to being a thief.

Another bill recites that while appellant was testifying he was asked by the county attorney if there had not been various indictments and prosecutions against him in Taylor County while he lived in that county; also asked him if he had not been prosecuted by the county attorney of Fannin County while he lived there, and how many times he had been prosecuted by the present county attorney since he had been in Coleman County, and why did he leave Taylor County, and why he left Fannin County. Various objections were urged to this manner of questioning the witness, which seems to have been sustained. This was clearly inadmissible so far as this record shows and should not have been indulged. Without discussing this matter, in support of this finding we refer to the case of Bullington v. State, 80 Texas Crim. Rep., 309, 180 S. W. Rep., 679, where this character of examination of a witness was discussed at some length by Judge Harper, and also in the later case of Faulkner v. State, 80 Texas Crim. Rep., 341, 189 S. W. Rep., 1077, where the matter was again reviewed and the principle laid down in the Bullington case, supra, reaffirmed. Appellant did not place his character in issue.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*