# FEBRUARY, 1920.

## JOHN RUSSELL v. THE STATE.

### No. 5622.    Decided February 4, 1920.

1.—Burglary—Private Residence—Owner—Want of Consent.

Where, upon trial of burglary of a private residence at night, naming the owner of the house, there was no evidence either direct or by circumstances that the owner's consent to the entry of the house was not given, the conviction cannot be sustained. Following: Moray v. State, 61 Texas Crim. Rep., 549.

2.—Same—Insufficiency of the Evidence—Ownership—Possession.

Where defendant was convicted of burglary of a private residence, but it was not shown that any property was taken from the alleged owner or that there was any intent to take any, and the only property taken was from a room in which other persons lived and belonging to them, the conviction could not be sustained; however, the conviction might have been obtained under another count of the indictment, which was not submitted.

3.—Same—Insufficiency of the Evidence—Recent Possession.

Where possession of recently stolen property is relied upon as the only circumstance of guilt, the proof must establish some claim or assertion of ownership or possession on the part of the defendant, which was not done in the instant case. Following: Cassas v. State, 12 Texas Crim. App., 69, and other cases.

Appeal from the District Court of Travis. Tried below before the Hon. James R. Hamilton, judge.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Monroe & Patterson,* for appellant.—On question of insufficiency of the evidence: Love v. State, 58 Texas Crim. Rep., 270; Hill v. State, 44 id., 603; Hearndon v. State, 50 id., 552.

On question of recent possession: Bryant v. State, 25 Texas Crim. App., 751, and cases cited in the opinion.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was charged in the Criminal District Court of Travis County, Texas, with burglary, the indictment containing three counts, in the first of which it is alleged that the house entered was the private residence of J. M. Hancock, and that said house was entered at night by force, threats, and fraud, without the consent of said J. M. Hancock, with

the intent to take therefrom corporeal personal property therein being and belonging to the said J. M. Hancock, etc. The second count charged a night-time burglary of the private residence of E. A. Dittmar, with intent to take therefrom property belonging to said Dittmar, without his consent, etc. The third count was a repetition of the first count, omitting the allegation of "private residence." The trial court submitted only the first and third counts, and appellant was found guilty under the first count; his punishment being fixed at five years in the penitentiary.

J. M. Hancock was not a witness on the trial, nor was his absence in any way accounted for, nor was it shown by circumstances that his consent to the entry of the house was not given. This Court held in Moray's case, 61 Tex. Crim. Rep., 549, that this was fatal error, under the facts as introduced.

It was not shown by any evidence that property of J. M. Hancock, in said house, was disturbed or taken, or that there was any intent to take said property, the only evidence of the loss of any property being that E. A. Dittmar and J. D. Smith, had property taken from the room occupied by them at the time of said occurrence, which property was taken from their possession and without their consent.

In Robertson's case, 51 Texas Crim. Rep., 335, the evidence showed that the house burglarized was controlled by Wyatt, and the property taken therefrom was in the care, control, and management of Lamm. Two counts were in that indictment, one charging burglary of Wyatt's house, with intent to take Wyatt's property, etc., and the other charging burglary of Lamm's house, with intent to take his property. Only the Wyatt count was submitted, and this court held the evidence showing ownership of the house in Wyatt, and of the property in the house which was taken, to be in Lamm, would not support a verdict of guilty under the count charging burglary of Wyatt'e house with intent to steal Wyatt's property. The case is identical in facts with the instant case, and is authority for holding that the evidence does not meet the charge; that proof of theft only of property of Dittmar or Smith from the house in question, would not support a conviction under the count alleging that the house was Hancock's, and the property intended to be stolen, also belonged to Hancock.

We note further that the property of Dittmar and Smith was taken from their room. If a burglarious entry was made in said room, it might support a conviction under the count alleging that the burglarized premises belonged to Dittmar, and the property intended to be taken, was his.

If the case be not tried on this theory, then on another trial there must be some evidence showing the want of consent of Hancock, and intent to take Hancock's property from said premises; or else the matter must be presented here on an indictment charging

ownership of the house in Hancock, and that the intent was to take the property of Dittmar or Smith, or both.

It is insisted that the only evidence against this appellant was the finding of a part of the alleged stolen property, a month or more after the burglary was committed, in a house occupied by appellant and his wife, and another party. This appears to be true. Because the evidence goes no further, it is urged that it does not establish any claim or assertion of ownership, or possession, on the part of appellant, which is necessary when the possession of recently stolen property is relied upon as the only circumstance of guilt. Casas v. State, 12 Texas Crim. App., 69; Lehman v. State, 18 Texas Crim. App., 174; Robinson v. State, 22 Texas Crim. App., 690; Field v. State, 24 Texas Crim. App., 422, are cited as authorities. They support the contention.

The record before us is very meager as to where the property was found on the premises occupied by appellant, his wife, and one Yell, or what statements, if any, were made by any of the parties regarding the same. Nor is it shown how the property came to be found; nor is there any further connection established between the finding of the property, and any one of the three parties occupying the said house; nor is there any circumstance in the case, aside from the naked testimony as to the finding of the property at the house where appellant stayed. It was not even shown that the other property mentioned by the officer, as having been found in said house, was recently stolen property. Something should appear further than that the recently stolen property was found in a house occupied by appellant and others. As the evidence appears in this record we would hold the same insufficient.

For the errors indicated, the judgment of the trial court is reversed, and the cause remanded.

*Reversed and remanded.*