## RILEY PATTON v. THE STATE.

No. 16173. Delivered December 13, 1933.
Reported in 66 S. W. (2d) 318.

18

The opinion states the case.

*S. F. Rose,* of Amarillo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of an attempt to commit burglary, and his punishment assessed at confinement in the state penitentiary for a term of two years.

The facts as established upon the trial are substantially as follows: On the night of January 14, 1933, between the hours of 2 and 3 A. M., Henry Meadors, who resided near the store building situated in the town of Amarillo and occupied by T. M. Caldwell, heard a noise like iron scraping. He looked out of his window and saw two men in the back of Mr. Caldwell's store. He called the police and the police upon arriving at Caldwell's place of business found the appellant and one Charley Young, alias Red Colson, and arrested both. The police found a hammer on the person of the appellant and a sledge hammer and several crowbars and pinch bars on the ground. They found upon the person of Charley Young, alias Red Colson, several screw drivers, punches, and a flashlight. A glass panel of the rear door of Mr. Caldwell's place of business was broken and the screen on the outside had been cut. The screen was not cut and the door was not broken on the evening of January 13, 1933. Mr. Caldwell did not give his consent to the appellant or anyone else to cut the screen and break the door or to enter said building and take therefrom any personal property. The testimony also shows that Mr. Caldwell's place of business and that of Mr. McIlroy is in the same building and under one roof with a partition wall separating the two. There is also testimony to the effect that Charley Young, alias Red Colson, told Mr. Cain, captain of police, that they went there for the purpose of breakng into McIlroy's store and rob that safe (knocking the safe).

The appellant's first complaint is that the evidence is insufficient to sustain the conviction. We have carefully reviewed the testimony adduced upon the trial and believe that the facts and

circumstances proven justified the jury in returning a verdict of guilty. The facts in this case are not like the facts in the case of Roberson v. State, 101 S. W., 800, or Russell v. State, 218 S. W., 1051, and therefore those cases are distinguishable from the case under consideration. While the testimony shows that Charley Young, alias Red Colson, told the captain of police that they intended to rob the safe of McIlroy, yet the jury was not required to believe this statement either in part or in its entirety. From the facts proven, as herein above stated, the jury was justified in concluding that the appellant and Charley Young, alias Red Colson, intended to break into the place of business of Mr. Caldwell and steal some of the personal property therein situated. The jury having so found and the facts justifying such finding, this court can not overturn the verdict of the jury.

The appellant next complains of the action of the court in refusing to give his requested special charges Nos. 1 and 2. The court however gave an adequate charge in which he applied the law to the facts and in addition gave the appellant's requested special charge No. 3, which reads as follows:

"You are instructed that before you can convict the defendant in this case under the charge against him in the first count of the indictment you must find and believe from the evidence that at the time and place charged in the indictment the defendant, either alone or acting together with some one else, as a principal had attempted to break and enter the premises of T. M. Caldwell for the purpose and with the intent of stealing the goods therein belonging to the said T. M. Caldwell as charged in the first count of the indictment, and if you have a reasonable doubt thereof you will acquit the defendant."

We believe that in said charge the court properly applied the law to the facts of the case and the court committed no error in declining to give the appellant's requested special charges Nos. 1 and 2.

Finding no error which would justify a reversal of this case, it is ordered that the judgment of the trial court be and the same is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.