## E. B. GILLIAM V. THE STATE.

No. 16922. Delivered June 6, 1934.

The opinion states the case.

*Early & Johnson* and *McGaugh & Darroch*, all of Brownwood, and *E. B. Anderson* and *E. B. Gilliam, Jr.*, both of Goldthwaite, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin for the State.

CHRISTIAN, JUDGE.—The offense is embezzlement; the punishment, confinement in the penitentiary for two years.

The opinion is expressed that the indictment is sufficient. We pretermit further discussion of the matter.

Appellant was a member of the Board of Trustees of Daniel Baker College. Being in need of funds, the College had created a finance committee whose duty it was to secure contributions from the public in order that some of the obligations of the institution might be met. Appellant was the chairman of the finance committee. The funds collected by the committee were delivered to appellant and by him deposited in the Coggin National Bank to the credit of "Daniel Baker Campaign Fund." Appellant drew the checks on this account. On the 10th of December, 1930, the "Daniel Baker Campaign Fund" account showed a charge of $2300.00, and on the same date the Gilliam Dry Goods Company, which appellant managed, received a credit of $2300.00 on its account with the Coggin National Bank. There was proof to the effect that on the date mentioned appellant had drawn a check on the "Daniel Baker Campaign Fund" account for $2300.00, payable to George Kidd, cashier of the Coggin National Bank, and that said check had been indorsed by Kidd. The State introduced a deposit slip showing the deposit of a check for $2300.00 by Gilliam Dry Goods Company. The withdrawal from the "Daniel Baker Campaign Fund" account left it overdrawn. The Gilliam Dry Goods Company account had been overdrawn until the $2300.00 credit was entered. Appellant did not testify in his own behalf, and introduced no witnesses.

Bill of exception No. 20 presents the following occurrence: In his opening argument, the district attorney used language as follows: "Why didn't they put a witness on the stand if this was an honest transaction, and let him testify thereto?" It is certified in the bill that appellant did not testify as a witness in his own behalf. We quote further from the certificate

of the trial judge: "Be it further remembered that the check which was the basis of the alleged embezzlement was made payable to George Kidd, cashier of Coggin National Bank, and that the same was indorsed 'George Kidd, cashier,' and that the said George Kidd was called as a witness by the State of Texas and identified the check, but further stated that he had no independent recollection concerning the matter or the transaction; that the defendant E. B. Gilliam was the only other person save and except George Kidd who was in a position to testify as to the transaction, as he was the party who drew the check and no one else could have known about the details of the transaction in which the check was drawn except he and George Kidd." The argument was timely and properly objected to as being a reference to the failure of appellant to testify. The opinion is expressed that the objection was well taken. Article 710, C. C. P., 1925, expressly inhibits allusion to the failure of the accused to testify in his own behalf. In Boles v. State, 288 S. W., 199, the district attorney stated, in argument, in effect, that the State's witnesses had testified to facts showing beyond a reasonable doubt that the accused was guilty and that such facts had not been denied. In concluding that the language constituted an allusion to the failure of the accused to testify, this court used language as follows:

"The bills show that there were no other witnesses who saw or heard the matters in question, and could testify concerning same, except those produced by the State, and it follows that the defendant was the only other person who could deny or explain said matters. Therefore, after a careful analysis of these bills and the record, we are constrained to hold that the appellant's contention is correct, and that the only inference to be drawn by the jury from said arguments was that same were references to appellant's failure to testify. This was error, and will require a reversal of this case." See, also, Boles v. State, 5 S. W. (2d) 509.

Appellant brings forward several bills of exception in which complaint is made of the action of the trial court in permitting the State to introduce the ledger sheets showing the state of the accounts of the "Daniel Baker Campaign Fund" and Gilliam Dry Goods Company. The bills show that no predicate was laid for the introduction of said accounts. Manifestly, the bills present error.

If another trial be had, it is suggested that a more definite predicate be laid for the introduction of the deposit slip.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.