### E. B. GILLIAM v. THE STATE.

No. 18223. Delivered June 24, 1936.

The opinion states the case.

*Early & Johnson* and *J. C. Darroch,* all of Brownwood, and *E. B. Anderson,* of Goldthwaite, for appellant.

*A. O. Newman,* District Attorney, of Coleman, *Frank Sparks,* of Eastland, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for embezzlement, punishment being assessed at two years in the penitentiary.

This is the second time this case has reached this court. The result of the former appeal is reported in 126 Texas Crim. Rep., 425, 72 S. W. (2d) 599.

We are met right at the threshold with a proposition which in our judgment is decisive of the present appeal.

The indictment contained three counts; the first charged that appellant was "an officer of an incorporated institution, to-wit: Daniel Baker College," and that appellant as such officer did embezzle $2300.00 belonging to said institution; the second count charged in substance that appellant was an officer of said institution, to-wit: "Chairman of the Finance Committee" of said institution, and as such Chairman embezzled the amount named; the third count charged in substance that appellant was an officer of said institution, to-wit: "a trustee," thereof, and as said "trustee" embezzled the amount named. At the January term, 1934, of the District Court for Brown County appellant was put to trial on all three counts of the indictment. After the evidence was all in upon said trial, and before the court had prepared his charge, the District Attorney announced that the State would rely for a conviction upon the first count, whereupon the court specifically instructed the jury that "the State has elected to rely upon the first count in the indictment, and you will, therefore, not consider the other two counts for any purpose." A conviction was had, and upon appeal the judgment was reversed. (See Gilliam v. State, 126 Texas Crim. Rep., 425, 72 S. W. (2d) 599.) When the case was called for the present trial appellant took the position that he could not again be put upon trial under the second and third

counts of the indictment which had been abandoned upon the former trial, viz: That the State could not again try him for embezzlement, either as Chairman of the Finance Committee of Daniel Baker College, or as trustee of such institution. He attempted in every conceivable way to protect himself in the position taken. His attorneys filed a plea of former acquittal of the specific charge of embezzlement as such alleged Chairman and Trustee, averring that the abandonment of counts two and three was tantamount to an acquittal of the charges in said counts. Probably being uncertain as to what plea should be interposed appellant's attorneys also filed a plea of former jeopardy as to the specific charges averred in said counts two and three. The facts arising under the issues raised by said pleas are brought forward in bills of exception complaining of the action of the court in not sustaining them.

Appellant then filed a motion praying the court to instruct the attorneys representing the State to offer no testimony in the instant trial as to appellant having embezzled the funds of Daniel Baker College in the capacity of Trustee or Chairman of the Finance Committe of said institution. This motion was overruled, to which proper exception was reserved. It is recited as a fact in the bill complaining of such action that after having overruled the motion to suppress said evidence the court "allowed the State to prove that the defendant was on the 10th day of December, 1930, Chairman of the Finance Committee of Daniel Baker College and Trustee of said Daniel Baker College, and allowed the State of Texas to prove that as such he received and embezzled $2300 as set out in the indictment as such Chairman of the Finance Committee of Daniel Baker College, and Trustee of said Daniel Baker College."

The court instructed the jury as follows: "You are further instructed that a member of the Board of Trustees of an incorporated institution designated and appointed as Chairman of its Finance Committee and assigned the duties and given the authority to receive, handle, and pay out its funds, if any such, would be an officer of such institution, if any such member of the Board of Trustees was so appointed and assigned such duty and authority."

This charge was excepted to upon the ground that any transaction performed by appellant as Trustee or Chairman of the Finance Committee could not now be urged against him or form the basis for conviction in this case, for the reason that having abandoned the counts charging embezzlement in said capacities, the State could not now predicate a conviction upon

any act or thing done or performed by the defendant in said capacities.

Bills of exception one, two and three bringing forward complaint at the action of the court in failing to sustain appellant's plea of former conviction and former jeopardy contain recitals of fact by the court, or statement of agreed facts, substantially as follows: Appellant at the time of the alleged embezzlement on December 10, 1930, held no office in the corporation, Daniel Baker College, except as Trustee of such institution, and as Chairman of the Finance Committee, and had not held any office in said institution save and except the ones named in the second and third counts of the indictment; proof offered upon the former trial of appellant, and that offered by the State upon the instant trial, reflected the fact that if appellant embezzled the funds of said institution he did so either as Chairman of the Finance Committee or as Trustee of said College. It is further stated as an agreed fact that the State in the present trial was relying for a conviction upon the alleged embezzlement brought about by a $2300 check drawn on Daniel Baker College Campaign Funds and deposited to the credit of Gilliam Dry Goods Company, and that said transaction is the same transaction upon which the State relied for a conviction of appellant on the first trial. In said first trial, and in the present trial, the State introduced evidence showing that appellant was chairman of the Finance Committee of Daniel Baker College, and was a Trustee of said college, and that in said capacities the money alleged to have been embezzled came into his hands, tending to show that the transaction of drawing said $2300 check was done and performed by him in said capacities. It was further agreed that appellant held no offices and never held any office in Daniel Baker College except as Chairman of the Finance Committee and as a member of the Board of Trustees. It is further certified that the transaction relied upon in the present trial by the State for a conviction was the same transaction relied upon by the State on the former trial as charged in the second and third counts of the indictment.

Supporting his contention that under the record as heretofore set out appellant is entitled to a reversal because of the failure of the court to recognize his plea of former acquittal and his plea of former jeopardy appellant relied on Parks v. State, 46 Texas Crim. Rep., 100, 79 S. W., 301; Tracy v. State, 49 Texas Crim. Rep., 37, 90 S. W., 308; Deisher v. State, 89 Texas Crim. Rep., 467, 233 S. W., 978; Johnson v. State, 97

Texas Crim. Rep., 658, 263 S. W., 925; Hampton v. State, 98
Texas Crim. Rep., 161, 265 S. W., 164; Dodd v. State, 82 Texas
Crim. Rep., 139, 198 S. W., 783; Miller v. State, 65 Texas Crim.
Rep., 302, 144 S. W., 239; Millner v. State, 72 Texas Crim. Rep.,
45, 169 S. W., 899; Wilson v. State, 80 Texas Crim. Rep., 266,
189 S. W., 1071; Patterson v. State, 22 S. W., 696; Roberson v.
State, 51 Texas Crim. Rep., 335; 101 S. W., 800; Ricks v.
State, 48 Texas Crim. Rep., 229, 87 S. W., 345; Volume 12,
Tex. Jur., Sec. 245, page 565; Volume 31, C. J., Sec. 263, page
792.

An examination of the various cases from our own court
above referred to will reveal that the language is not uniform
regarding the effect of abandoning a certain count in an indict-
ment. In some of the cases it is referred to as an "acquittal"
of the transaction alleged in the abandoned counts. In others,
it is said that "jeopardy having attached" upon the abandoned
counts accused can not again be put upon trial for the matters
alleged in such abandoned counts. In still other cases, refer-
ring to abandoned counts, it is said that the "matters charged
in such count pass out of the case and that the State can not
upon a subsequent trial rely upon the transaction charged in
such abandoned counts." It is not necessary here to discuss
whether it is proper to say that the effect of abandoning a
count is to acquit an accused of the matters therein charged,
or whether it should be said that he can not again be put in
jeopardy for a thing charged in an abandoned count, or
whether it is simply sufficient to say that the matters charged
in said abandoned count passed out of the case. It all amounts
to the same thing in legal contemplation. Under the record
and former holdings we have no option but to reverse the pres-
ent judgment. If appellant held no office save as Trustee of
the Daniel Baker College, or as Chairman of the Finance Com-
mittee of said College—and it is plainly recited in the bill that
he did not hold any other office—it is clear that he could not
be again placed upon trial for embezzlement claimed to have
occurred while acting in such official capacity as is alleged in
the abandoned second and third counts of the indictment.

We think it not inappropriate to say that it has seldom been
our good fortune to examine a record in which the pleas of
former jeopardy and former acquittal have been so clearly and
completely drawn, and in which the bills of exception bringing
forward complaint at the action of the court in regard to such
pleas have been so carefully prepared.

It would appear that if appellant is to be tried again upon

the first count of the indictment wherein it is alleged that he, as an "officer" of Daniel Baker College, embezzled funds which had come into his hands by virtue of said office, it must be as some officer other than a Trustee or Chairman of the Finance Committee.

Under the disposition of the case which we find it necessary to make we do not feel called upon to discuss other bills of exception in the record.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*