J. C. McCAULEY, *alias* J. C. MARTIN, v. THE STATE.

No. 19723.   Delivered June 22, 1938.

The opinion states the case.

*Herbert L. Heatly* and *W. H. Scott*, both of Houston, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The offense is burglary. The punishment is ten years' confinement in the State Penitentiary.

On original submission we affirmed this cause. Appellant has filed an able motion for rehearing in which he vigorously contends that we erred in our original opinion in holding the evidence sufficient to justify and sustain his conviction. A more careful review of the record in the light of his motion has led us to the conclusion that his contention is well founded. Therefore the original opinion will be withdrawn and this opinion substituted therefor.

The State's testimony, briefly stated, showed that at about three or three-fifteen A. M. on March 22, 1937, Tritico and Donnelly, two policemen of the City of Houston, were driving out Harrisburg Boulevard when they saw a car on 72d Street, driving very slowly. It finally parked about a block from Harrisburg Boulevard, and one person got out and started walking up said boulevard. The two officers stopped him and questioned him as to where he was going. He replied that he was going home and in reply to a query from the officers as to the whereabouts of his home, he pointed to a house on the corner. They then asked him his name and he replied "McCauley."

During this procedure, the parked car backed up and started east on Texas Avenue at a rapid speed. The officers pursued it, but it rapidly increased its speed and reached around seventy or eighty miles per hour and then turned over. When the officers arrived, they made an investigation but found no one at the car; nor had they seen anyone leave it. An investigation of the car revealed quite a number of firearms, ammunition, and approximately $400.00 worth of new clothes which had been taken from the store of Rolle-Jewett & Beck, located at 811 Main Street in Houston. It was shown that during said night, some person or persons entered the store of that firm and took

therefrom the goods, wares and merchandise found in the turtle back of the overturned car.

Appellant did not testify or offer any testimony. He contends here, as he did in the court below, that the State's case depends entirely upon circumstantial evidence and that the circumstances proved do not exclude every other reasonable hypothesis except his guilt.

The only circumstance by which the State sought to connect him with the burglary of the store and theft of the goods was that he was seen by the officers on 72d Street, getting out of a car which was being driven by some unknown person and which carried the stolen goods, later found in the turtle back thereof, and one old glove which appeared to be a mate to the three left-handed gloves found in the car. It was not shown that the car belonged to the appellant. He was not driving it at the time the officers first observed him; nor was it shown when and where he got into the car or that he participated in the burglary of the store and the theft of the merchandise.

It seems to be the State's theory that appellant was found in possession of recently stolen property from which an inference of guilt arose. We do not believe the evidence sustains such a theory. In order to warrant an inference of guilt from the circumstance alone of possession of recently stolen property, such possession must be personal, unexplained and must involve a distinct and conscious assertion of property by the defendant. See Prather v. State, 81 S. W. (2d) 528, and authorities cited.

It is true that there are some very suspicious circumstances shown, but a strong suspicion will not justify and sustain a conviction of one accused of an offense. The law requires an accused's guilt to be established by competent evidence beyond a reasonable doubt. Where the accused's guilt depends upon circumstantial evidence, the circumstances must be such as to exclude every other reasonable hypothesis except the guilt of the accused.

This defendant may be, and probably is, guilty as found by the jury. But in our opinion, the evidence tending to establish his guilt does not meet the requirements of the law. See Curry v. State, 7 Texas Crim. App. 267.

The judgment of the trial court will be reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has

been examined by the Judges of the Court of Criminal Appeals and approved by the Court.