DONALD BOUCHILLON V. STATE

No. 26,855. February 24, 1954
Rehearing Denied May 5, 1954

*Bert Ashby,* Dallas, for appellant.

*Howard M. Fender,* Criminal District Attorney, Ft. Worth, and *Wesley Dice,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The appeal is from a life sentence upon an indictment charging the offense of burglary committed after two previous convictions for felonies less than capital.

The prior convictions were established as alleged and the enhancement of punishment is not questioned.

The trial court charged upon circumstantial evidence, and it is urged that the evidence is insufficient to sustain the conviction.

The service station of Michael L. Calcagno was burglarized sometime after 10 P.M. on the night of May 7th, 1953. The building had been closed and locked at 10 P.M. and shortly before midnight Calcagno was notified that it had been entered.

The padlocked door was opened by prying off the hasp and lock and a six hundred pound safe was removed.

Deputy Sheriff E. N. Buie was called to the station and, after making an inspection, started immediately a search of the countryside in the hope of encountering the burglars with the safe. He was accompanied by W. M. Young, County Identification Officer.

Officer Buie testified that he drove directly to a point in the vicinity of Village Creek where he saw two cars parked on an intersecting road. He turned down this road and drove at a high rate of speed, stopping diagonally between Buick and Pontiac cars which were parked in the road facing in opposite directions. By the light of his car the officers saw in the ditch to the side of the road the safe, afterwards identified as that taken from the Calcagno Service Station. Appellant, Bobbie Lott, and Guy Collins were standing around the safe, all of whom Officer Buie recognized. A fourth man, Freeman, was running up the bank.

Freeman succeeded in reaching the Pontiac and "took off" pursued by Buie. Appellant, Lott and Collins "turned and ran back in the woods."

Officer Young found a young lady in the Buick car, apparently asleep. Before he drove the Buick away he again saw appellant and his companions some fifty feet down the road. They were starting "up the ditch toward the highway" and when Officer Young turned on the lights of the Buick, according to his testimony, "they all three turned around and faced me and took off in the bushes." Officer Young explained that he had known appellant since his pre-school years and that he called on them to stop and they did not. He had recognized appellant and said he did not want to shoot him.

Officer Buie, after a long chase and after firing into the Pontiac car, arrested Freeman. He then called the dispatcher and caused a "pick-up" to be put out for appellant. Appellant and Bobbie Lott were arrested about 6:30 A.M. as they were walking along a railroad track toward Ft. Worth.

The safe had been broken into from the bottom and there was evidence to indicate that it had been blown open. Only some stamps with the edges burned and two or three dollars in change were recovered, though the safe had contained some $350 in change and currency and some checks.

Officer Buie testified that as Freeman was getting into the Pontiac "he dropped a bundle" but there is no testimony that the bundle was found or as to what it contained.

It was some 2½ to 3 miles from the burglarized station to where the safe was found surrounded by appellant and his companions. It was at the bottom of a ditch some ten feet from the

road. The bottom of the safe had been blown out and the contents removed.

It is not shown that the officers actually saw appellant or his companions do anything in reference to the safe, but the following testimony, admitted without objection, appears to be significant.

"Q. I will ask you how long that was (referring to the "pickup" put out for appellant) after you came up on them breaking into the safe? A. As soon as I caught Freeman and had him handcuffed."

Appellant did not testify and no testimony was offered in his behalf.

It is urged that we should apply the rule regarding the unexplained possession of recently stolen property and hold that appellant was not shown to be in "direct positive possession" of the safe; was not in exclusive personal possession of the safe; was not shown to have been present when the safe was first deposited in the roadside ditch and therefore was not called upon to make an explanation. For a like reason it is argued that the evidence is insufficient to exclude every reasonable hypothesis other than that of appellant's guilty connection with the burglary as a principal.

We are unable to agree with such contentions and do not find the authorities relied upon to be here applicable.

Appellant's presence at the looted safe was but one of the circumstances relied upon by the state. His flight upon the approach of the officers cannot be ignored. It is evidence of guilt.

The jury accepted the state's evidence as sufficient to exclude every other reasonable hypothesis and to show his guilt as charged. We are unable to agree that as a matter of law the evidence is insufficient to sustain their finding.

The judgment is affirmed.

### ON MOTION FOR REHEARIHG

MORRISON, Judge.

.

Appellant's able attorney has taken us to task for not citing any cases in our original opinion and has requested that we distinguish his case from several cases which he cites. We shall briefly review the salient facts before us. A burglary occurred, and a 600-pound safe was removed; shortly thereafter appellant and his companions were seen in a secluded spot near the safe, which had been broken open, and they all fled. Appellant failed to make any explanation of the predicament in which he was found.

With this in mind, we refer to appellant's cases.

In Russell v. State, 86 Texas Cr. Rep. 609, 218 S.W. 1049, there was no showing of flight. There was evidence tending to establish an alibi at the time of the burglary.

In Russell v. State, 86 Texas Cr. Rep. 580, 218 S.W. 1051, the possession was not recent, and there was no showing of flight.

In Hilson v. State, 101 Texas Cr. Rep. 449, 276 S.W. 272, there was evidence of flight, but there was an entire absence of any showing as to what happened to the fruits of the robbery. The accused was not shown to have been connected therewith in any way.

In Gillman v. State, 119 Texas Cr. Rep. 66, 46 S.W. 2d 699, there was not showing of flight.

We have carefully reviewed appellant's motion and remain convinced that this cause was properly decided originally.

Appellant's motion for rehearing is overruled.