Walton Jobe AUSTIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 41457.

Court of Criminal Appeals of Texas.

Oct. 16, 1968.

John J. C. O'Shea, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., K. Anthony Wright, Asst. Dist. Atty., Lubbock, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, nine years.

█ We shall initially discuss appellant's third ground of error which is that the state failed to show that the appellant committed the act charged beyond any reasonable doubt.

On the night in question Jon Robbins and Walter Smith drove their car into an alley behind the Day Drug store in the city of Lubbock, saw a light-colored Falcon automobile parked there and saw someone between the wall of the building and the automobile. The person fled upon seeing the Robbins vehicle and could not be located in a subsequent chase and search. A case of watches, later identified as property taken from the Day Drug store, was found between the building wall and the automobile—where the person had been seen by Robbins and Smith. Robbins and Smith took custody of the watches and called the police to report the occurrence. Shortly thereafter Officers Mayfield and Bailey of the Lubbock police, in response to a "burglary in progress" call on their radio, drove their police car into the same alley and came upon a light-colored Falcon automobile, and when they turned on their car lights, a person later identified as the appellant was seen standing behind the Falcon and then seen running and entering the Falcon and attempting to start the car. In the trunk of the Falcon was found a pry bar, a tire tool and a Diebold safe later identified as one taken from the Day Drug store, the building alleged to have been burglarized.

Under this state of facts, we find the evidence to be sufficient to support the conviction. Dunham v. State, 159 Tex.Cr.R. 555, 265 S.W.2d 819; Bouchillon v. State, 160 Tex.Cr.R. 79, 267 S.W.2d 554; Foxx v. State, Tex.Cr.App., 424 S.W.2d 432; and Green v. State, Tex.Cr.App., 423 S.W.2d 922.

█ Appellant's first ground of error is that the trial court erred in denying appellant's request, made for the first time at the trial, for production of the written statements which were given to the police by Robbins and Smith relating to the events on the night in question. In support of this assignment of error appellant cites Sewell v. State, Tex.Cr.App., 367 S.W.2d 349, where we said:

"As has been stated, the failure to produce a prior statement of a witness which has not been used in some way before the jury by which its contents became an issue, will not result in reversal unless injury is shown or the defendant is deprived of the opportunity to show injury.

"Reversal will result, however, without any showing of injury for denial of the defendant's timely request or demand that he be permitted to inspect any document, instrument or statement which is used in some way before the jury by which its contents becomes an issue, such as used by the witness to refresh his memory * * * or exhibited or read from or used to question the witness in the jury's presence * * *."

In the case at bar, no claim is made that the statements in question were exhibited before the jury, or that their contents became an issue. Nor was any demand made that such statements be presented to the court for inspection or for inclusion in the record so that the same might be available for this Court's inspection and determination of their pertinency. The conclusion, as well as the principle quoted above, of Sewell is applicable:

> "The appellant is not shown to have been denied the right to inspect a statement or document that was used before the jury, and has shown no harm or injury resulting from the denial of the prior statement of the witness for use on cross-examination."

See also Rose v. State, Tex.Cr.App., 427 S.W.2d 609.

The witnesses who authored the complained-of statements were cross-examined by appellant's counsel, and, absent a showing of injury or that the statements were exhibited before the jury, complaint cannot now be made of appellant's having been denied the right to cross-examine such witnesses.

Appellant's second ground of error is that the court erred in admitting the testimony of Officers Bailey and Mayfield regarding the search of appellant and the light-colored Falcon following appellant's arrest. In view of the facts and circumstances available to the officers at the time of the arrest—finding appellant behind a car at 2:00 a. m. while responding to a call reporting a burglary in progress at that location and observing appellant attempt to flee when approached by the officers—there was sufficient probable cause to authorize the officers to make the arrest and the search subsequent thereto. Roach v. State, Tex.Cr.App., 398 S.W.2d 560, and Mason v. State, 160 Tex.Cr.R. 501, 272 S.W.2d 527.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.