**Donald BOUCHILLON**

v.

**Dr. George BETO, Director, Texas Department of Corrections.**

**No. CA 4–1042.**

United States District Court
N. D. Texas,
Fort Worth Division.
Jan. 15, 1969.

Donald Bouchillon in pro. per.

Crawford C. Martin, Atty.Gen., Gilbert J. Pena, Asst.Atty.Gen., Austin, for the State.

## MEMORANDUM ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

BREWSTER, District Judge.

Petitioner is confined in the Texas Department of Corrections under a life sentence imposed pursuant to his 1953 conviction for the offense of burglary with two prior convictions alleged for enhancement purposes. His conviction was affirmed on appeal. Bouchillon v. State, 160 Tex.Cr.R. 79, 267 S.W.2d 554 (1954).

The prior convictions used for enhancement purposes were a conviction obtained in cause No. 46335 on March 18, 1946, for theft of an automobile valued at over $50.00, and one obtained on January 19, 1950, in cause No. 49022, for the offense of attempted burglary.

In 1967, petitioner filed an application for writ of habeas corpus in Tarrant County Criminal District Court No. 1, in which he attacked his primary conviction and each of the two prior convictions in several respects. An evidentiary hearing was conducted on January 12, 1968, at which petitioner was present and represented by appointed counsel. At the opening of the hearing the parties agreed to limit the evidence to be presented to the question of whether petitioner was denied the presence of counsel at his sentencing in prior conviction No. 46335. The court heard testimony from petitioner, his attorney of record in No. 46335, and the deputy clerk in charge of records in the Tarrant County District Clerk's office, and reviewed the records of the proceedings in that case. Following the hearing the court entered written findings of fact and conclusions of law which he certified to the Court of Criminal Appeals in accordance with Article 11.07, Texas Code of Criminal Procedure. The court found that petitioner had been represented by counsel at the time of sentencing and that the other allegations were waived. The Court of Criminal Appeals denied petitioner's application without written order on February 11, 1968.

Petitioner contends that he was not given a full and fair hearing on the issue of denial of counsel at his sentencing and contends that he was denied due process by the Court's summary dismissal of his other allegation after "pressuring" his appointed attorney into waiving them.

■ With respect to the first contention, this Court is of the opinion that petitioner received a full and fair evidentiary hearing in the convicting court which complied with due process requirements. The fact finding procedure was adequate to afford a full and fair hearing, the material facts were adequately developed and the merits of the factual dispute were resolved. The evidence amply supports the findings of the state court and the hearing fully satis-

fies the requirements of Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed. 2d 770 (1963). 28 U.S.C.A., Section 2254 (1966). See Gomez v. Beto, 5 Cir., 402 F.2d 766 (1968). Under these circumstances no further hearing is required and the Court accepts the facts as found by the trial court. The Court is further convinced that, on these facts, the decision of the Court of Criminal Appeals to deny the petition is correct.

■ Petitioner's contention that he was denied due process by the trial court's summary dismissal of his other contentions is without merit. The mere failure of the State to ascertain whether a petitioner is entitled to relief is not a denial of any constitutional right. "It is the failure of the State to give relief when relief is due which gives rise to federal habeas corpus relief." McCutcheon v. Beto, D.C.W.D.Tex., 252 F. Supp. 891, 892 (1966). Nevertheless, the Court has carefully considered petitioner's remaining contentions and is of the opinion that they raise no factual or legal question of a constitutional nature.

■■ Petitioner contended that the second prior conviction, cause No. 49022, used for enhancement purposes, was void for the reason that he was originally charged with burglary by the Grand Jury but that some agent of the State later altered the indictment to allege attempted burglary. Where the crime charged is within the jurisdiction of the State, habeas corpus may not be used to test defects in an indictment. United States ex rel. Tangredi v. Wallack, 2 Cir., 343 F.2d 752 (1965); United States ex rel. Realmuto v. Wallack, D.C. N.Y., 254 F.Supp. 1006 (1966); cf., Johnson v. Beto, 5 Cir., 383 F.2d 197 (1968).

Petitioner further challenges the same conviction for the reason that his attorney was a "very old man", a "sick man and more than likely under the care of a doctor, because part of his nose was eaten off with what petitioner believes to be cancer". Petitioner contended that the State's attorney threatened to keep

**684**

him in jail for a year before trial if he would not accept a three year sentence on a plea of guilty, and that petitioner felt that he had no choice and did not even try to confer with his attorney because of the man's condition.

■ The parties stipulated at the state habeas hearing that petitioner was represented by employed counsel of his own choice at all times in every proceeding prior to the hearing, including the attorney whom he now challenges. Through petitioner's own admission, it appears that any lack of assistance by his counsel was due to petitioner's considered decision not to confer with him. Further, petitioner's contention as to the physical condition and appearance of the attorney fails to raise a question of his professional incompetence. The Court concludes that petitioner's allegations raise no fact question requiring an evidentiary hearing as to his attorney's effectiveness. See Williams v. Beto, 5 Cir., 354 F.2d 698, 704 (1965).

■ As to the primary conviction under which he is currently confined, petitioner challenges the sufficiency of the evidence. This issue raises no substantial federal question. Johnson v. Middlebrooks, 5 Cir., 383 F.2d 386, 388 (1967); Fulford v. Dutton, 5 Cir., 380 F.2d 16, 17 (1967); Nees v. Culbertson, D.C.Tex., 260 F.Supp. 791 (1966).

■ Petitioner further alleges that the State failed to prove that the judgment in the first prior conviction was final before the commission of the offense which was the basis of the second conviction. No discussion of this question is required for the record conclusively shows the contrary to be true.

■ Finally, petitioner contends that under Article 711, Texas Code of Criminal Procedure (1925), in effect at the time of his trial, he was denied the testimony of three co-defendants. He relies upon Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), which held unconstitutional Article 82, Texas Penal Code, and Article 711 of the Code of Criminal Procedure.

There has been no indication that this decision will be applied to cases which were final prior to its rendition. Even if it should be held retroactive, significant differences in the facts as shown by the record distinguish this petitioner's situation from that present in Washington. There, the challenged witness, a co-indictee with the defendant, was the only eyewitness other than the defendant and it was undisputed that his testimony would have been vital to the defense. The record indicated that the witness would have testified that he, rather than the defendant, fired the shot and that the defendant tried to stop him and ran before he fired. The trial court refused the request of the defense to call this witness after the State objected thereto.

Unlike Washington, the petitioner in this case did not testify and did not offer an affirmative defense. From the evidence in the case, it cannot be said that the testimony of the co-defendants would have been material and vital to the defense. The petitioner makes only the general assertion that they would have testified that the police officers were "mistaken" in their testimony that they saw the petitioner with the three co-defendants in a ditch with the stolen safe. Most important is the fact that the record reflects that the testimony of the co-defendants was never sought to be introduced by the defense at all. No request was made concerning their testimony nor was the issue raised on appeal. The conclusion is inescapable that the failure of the co-defendants to testify in this case was due, not to the Texas statutes held unconstitutional in Washington, but to a voluntary decision of the defense. Zerschausky v. Beto, 5 Cir., 396 F.2d 356 (1968).

For the reasons stated, it is ordered that the petition for writ of habeas corpus be and the same is hereby dismissed.