**Michael Eugene JORDAN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–82–00242–CR.**

Court of Appeals of Texas, Dallas.

Aug. 5, 1983.

Tim K. Banner, J. Stephen Cooper, Dallas, for appellant.

Henry Wade, Dist. Atty., Kathi Alyce Drew, Asst. Dist. Atty., for appellee.

Before VANCE, ALLEN and MALONEY, JJ.

VANCE, Justice.

Appeal is from a bench trial conviction for burglary of a building, where punishment was assessed at confinement in the Texas Department of Corrections for two years. Appellant asserts five grounds of error. Ground of error five, challenging the sufficiency of evidence, is dispositive of the appeal. Accordingly, we reverse and order an acquittal entered.

Prior to trial there had been a hearing on a motion to suppress. Additionally, the parties entered into a stipulation of evidence. The appellant was arrested on an unrelated theft charge. At the time of his arrest, his automobile was recovered about 300 feet from the point of arrest. Appellant requested that the vehicle be impounded. During the inventory search, a flashlight was found "under the seat" on the driver's side. It was stipulated by the parties that this flashlight was taken during a burglary of a building two days prior to its recovery. It was further stipulated that the vehicle, from which the flashlight was recovered, was owned by a person other than the appellant. The only evidence connecting the appellant with the burglary was the "possession" of the flashlight which had been stolen during the burglary. Thus, the question before us is where a person is found in possession of a vehicle, in which a flashlight is found and the flashlight is found "out of sight" under the seat, and which vehicle belongs to another, can that person be placed in possession of the flashlight? We hold that he cannot.

The Court of Criminal Appeals in *Rodriguez v. State,* 549 S.W.2d 747 (Tex.Cr.App. 1977), set forth the test for determining whether a defendant's guilt may be presumed from the possession of property stolen in a recent burglary as follows:

An inference or a presumption of a defendant's guilt of a burglary or of a theft sufficient to sustain a conviction may arise from the appellant's possession of property stolen or taken in a recent burglary. However, in the prosecution for either a theft or a burglary, to warrant such an inference or presumption of guilt from the circumstances of possession alone, such possession must be personal, must be recent, must be unexplained, and must involve a distinct and conscious assertion of right to the property by the defendant. See 5 Branch's Ann. 2d ed., Sections 2537 and 2650. 10 Tex.Jur.2d 250, Burglary, Section 88; *Crain v. State,* 529 S.W.2d 774 (Tex.Cr. App.1975); *Randolph v. State,* 505 S.W.2d 845 (Tex.Cr.App.1974); *Hayes v. State,* 464 S.W.2d 832 (Tex.Cr.App.1971); *McKnight v. State,* 399 S.W.2d 552 (Tex. Cr.App.1966); *Russell v. State,* [86 Tex. Cr.R. 609] 218 S.W. 1049 (Tex.Cr.App. 1920); *Russell v. State,* 86 Tex.Cr.R. 580, 218 S.W. 1051 (1920).

Appellant contends that the trial court erred in holding the evidence sufficient because the evidence fails to prove to a moral certainty "a distinct and conscious assertion of property by the defendant" and that the entire circumstances do not "indicate unmistakenly that he was in possession" of the flashlight. We agree.

The evidence showed that the appellant was not the owner of the automobile. The State offered no evidence to prove that the burglary had occurred after the appellant obtained possession of the automobile. While appellant was arrested some 300 feet from the vehicle, there was no evidence as to how long it had been since he occupied the vehicle, nor if he was the sole occupant of the vehicle when the vehicle was last occupied. The State has failed to demonstrate that the possession was personal and that the appellant had asserted a distinct

and conscious right to the stolen property. *Cf. Jackson v. State,* 645 S.W.2d 303, 306 (Tex.Cr.App.1983) (en banc); *McCauley v. State,* 135 Tex.Cr.R. 259, 118 S.W.2d 604, 605 (1938); *Johnson v. State,* 625 S.W.2d 330, 331 (Tex.Crim.App.1981); *McLemore v. State,* 638 S.W.2d 211, 213–214 (Tex.App.— Houston [1st Dist.] 1982, no pet.).

The judgment is reversed and the trial court directed to enter a judgment of acquittal.