**John Erwin JACKSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–00099–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Nov. 16, 1989.

Sandra Smith, Houston, for appellant.

John B. Holmes, Dist. Atty., Cheryl Boyd, Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and HUGHES and COHEN, JJ.

## OPINION

COHEN, Justice.

A jury convicted appellant of burglary of a building, found two enhancement paragraphs true, and assessed punishment of life imprisonment. On appeal, appellant asserts that (1) the evidence was insufficient to support a conviction because the evidence did not show he made a conscious and distinct assertion of a right to the property and that he possessed the stolen property; and (2) the evidence was insufficient to support a conviction because the State failed to prove he acted with others in committing burglary of a building.

Wu Hsiung Chen testified that he was working at the National Motel on August 5, 1988, between 8:00 p.m. and 10:00 p.m., when an alarm connected to a television set in room 26 went off. No one was registered to that room. Chen found the room 26 door was open, the door frame was loose, and the television set and sheets were gone. He saw someone walking near room 26, and he shouted to this man, "My T.V., my T.V." The man told him to call the police and ran away. Chen did not recognize the man.

Chen described the television as being 19 or 20 inches. While he did not know the model or how heavy it was, he said that he could carry it.

Chen commented that, since the time was so short, about two and a half to three minutes, between the sounding of the alarm and his arrival at room 26, he believed the television set must be nearby. Therefore, he and his friend, John Wang, kept looking for the television, and Chen saw a second man running away.

Chen testified that he saw a car at the back of the motel under a tree. He said that there were no lights in the back, and that it was pretty dark, but that he did have a flashlight. The car was about 50 yards from room 26. Looking through the car window, he saw a television set wrapped in a sheet or a bedspread in the back seat. There was no one in the car. He recognized the television as the motel's because he repaired the sets almost daily, the sets have dates on them indicating the time of repair, and this set had such a date inscribed. Chen asked Wang to call the police while he guarded the car.

About 10 minutes later, appellant approached, said the car was his, and indicated he wanted to drive away. Chen told the man "no," that he had called the police and wanted the police to settle the matter. Chen told appellant that a television and bedspread sheet belonging to the motel were in the car. By this time, others had joined Chen, and they prevented appellant from driving away, despite his insistence that the car was his and he wanted to leave. The police arrived about an hour later.

Officer Smith testified that on his arrival, he found about six people restraining appellant. He learned the facts and then checked the unlocked car. He lifted no fingerprints from the television and returned it to Chen. He stated that Chen identified the television through a piece of masking tape with a serial number that corresponded to a code that Chen had. Smith learned the car was stolen and arrested appellant after finding the car's keys in his possession.

■ The evidence against appellant is clearly circumstantial. However, we use the same standard of review for both direct and circumstantial evidence. *Sutherlin v. State*, 682 S.W.2d 546, 549 (Tex.Crim.App. 1984). Although the standard of review is the same, for circumstantial evidence cases only, there is an added principle that every reasonable hypothesis of innocence must be excluded. *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App. [Panel Op.] 1983) (op. on reh'g). We examine the evidence in the light most favorable to the verdict. *Flournoy v. State*, 668 S.W.2d 380, 383 (Tex. Crim.App.1984). If a rational jury could have found the elements of the crime beyond a reasonable doubt, we will affirm the judgment. *Jackson v. Virginia*, 443 U.S. 307, 318, 99 S.Ct. 2781, 2788, 61 L.Ed.2d 560 (1979); *see also Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986), *cert. denied*, —— U.S. ——, 109 S.Ct. 190, 102 L.Ed.2d 159 (1988).

Chen's testimony established that appellant claimed to own the car that contained the stolen television set, and that the television had been stolen from the motel. The stolen television was in plain view in the stolen car.

■ A presumption of burglary sufficient to sustain a conviction may arise from the defendant's possession of property recently stolen in a burglary. *Rodriquez v. State*, 549 S.W.2d 747, 749 (Tex.Crim.App. 1977). To justify the presumption, possession must be personal, recent, unexplained, and involve a distinct and conscious assertion of the right to the property. *Id.* The presumption has been held not to violate due process or the privilege against self-incrimination. *Barnes v. United States*, 412 U.S. 837, 846, 93 S.Ct. 2357, 2363, 37 L.Ed.2d 380 (1973) (approving instructing the jury regarding the presumption, not just using it on appeal to measure sufficiency of the evidence, as is done in Texas); *Hall v. State*, 490 S.W.2d 589, 592 (Tex. Crim.App.1973).

■ We find that appellant's unexplained possession of keys, and claim of ownership to a stolen car that contained, in plain view, a recently stolen television taken in a burglary is sufficient to raise an inference of guilt to the burglary. We distinguish this case from *Jordan v. State*, 658 S.W.2d 675 (Tex.App.—Dallas 1983, no pet.), where the only evidence linking the defendant to the burglary was a flashlight (stolen during the burglary two days before the defendant's arrest) found out of sight under the seat of a vehicle in the possession of the defendant but not owned by him. *Id.* The court of appeals held the State failed to prove the possession was personal and that the defendant had asserted a distinct and conscious right to the stolen property. Here, appellant claimed car ownership, the stolen television was in sight, and the burglary was very recent. Moreover, there is no explanation or evidence suggesting a reasonable hypothesis inconsistent with appellant's guilt.

We overrule appellant's first point of error.

The discussion of the remaining points of error does not meet the criteria for publication, Tex.R.App.P. 90, and is thus ordered not published. The judgment is affirmed.